LoFaro & Reiser, L.L.P.
(Glenn R. Reiser - NJ Bar 021481990)
20 Court Street, STE 4
Hackensack, New Jersey 07601
Tel: (201) 498-0400
Fax: (201) 498-0016
Email: greiser@new-jerseylawyers.com
Attorneys for Petitioner

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALAN C. DIXON,<br><br>      Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent. | Case No.:<br><br>Civil Action<br><br><br>**VERIFIED PETITION TO QUASH<br>FORMAL DOCUMENT REQUEST** |

Petitioner, Alan C. Dixon ("Petitioner" or "Dixon"), residing at 254 Montgomery Street, Jersey City, New Jersey, by and through his attorneys, petitions the United States District Court for the District of New Jersey, pursuant to 26 U.S.C. §982(c), to quash the Formal Document Request ("FDR") issued by the United States of America, Department of the Treasury, Internal Revenue Service ("IRS") on or about March 25, 2019 seeking records and testimony related to Petitioner, and issued by Anton Pukhalenko, who is known to be a Revenue Agent.

### JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction pursuant to 26 U.S.C. §982(c)(2)(B), and 28 U.S.C. §§1331 and 1340.

2.      Venue is proper pursuant to 26 U.S.C. §982(c)(2)(B) in that the Petitioner resides within the geographic jurisdiction of this Court.

3.      Pursuant to L.Civ.R. 40.1(a), this matter should be assigned to the Newark vicinage as the Petitioner resides in Jersey City, and the Newark vicinage is the most convenient location in proximity to Petitioner's residence and the place where the cause of action arose.

## PARTIES

4.      Petitioner is an Australian National living and working in the United States as a principal of Dixon Advisory USA based in New York, New York.

5.      Petitioner maintains his United States residence in Jersey City, New Jersey.

6.      Petitioner is a United States taxpayer and at all relevant times was and is current in his tax filings.

7.      Respondent is the United States of America acting by and through its administrative agency the IRS.  The IRS is a federal government entity with agencies and offices throughout the country and within this district.  The IRS Agent who issued the FDR is Anton Pukhalenko, located at 2203 N. Lois Avenue, Suite 500, Stop 4700, Tampa, Florida 33607-2384.

## PETITION TO QUASH FORMAL DOCUMENT REQUEST

8.      On or about March 25, 2019, Revenue Agent Pukhalenko issued a FDR to Dixon.  A copy of the FDR is attached hereto as Exhibit A.  Dixon is unable to determine the records that the FDR is requesting since Mr. Pukhalenko completely redacted the portions requesting documents except for the request for documents pertaining to the Foreign Tax Credit.

9.     This petition is based on Dixon's contentions that the FDR issued to Dixon is fatally flawed and should be quashed in that: (1) the FDR is based on fabricated Form 4654, which was backdated in violation of federal law, and thus deprived Dixon of his constitutional rights; (2) Agent Pukhalenko completely ignored proper IRS administrative procedures to issue the FDR, and thus the FDR was not issued in good faith; (3) the FDR was filed in retaliation against Dixon for filing a case against the IRS in the United States Court of Federal Claims to obtain a refund of $1,588,653 for the tax year 2014; and (4) Dixon has substantially complied with the visible portion of the FDR with the Foreign Tax Credit information, therefore, the IRS is already is in possession of the information.

## STATEMENT OF FACTS

### A. Background for Tax Years 2013 and 2014

10.     Dixon timely filed Form 1040 U.S. Income Tax Return for tax years 2012, 2013, and 2014 on December 13, 2013, October 14, 2014, and October 6, 2015, respectively.

11.     The original income tax for the tax years 2012, 2013, and 2014 was paid to the IRS in the amount of: $659,409.00, $686,020.00, and $2,131,553.00.

12.     It came to Dixon's attention in early 2016 that portions of his 2012, 2013, and 2014 tax returns were prepared incorrectly, and Dixon overestimated his income tax for the same. As such, Dixon erroneously overpaid his income tax for tax years 2012, 2013, and 2014. In early 2016, Dixon retained Castro & Co., LLC to review his 2012, 2013, and 2014 tax returns and to prepare amended returns.

3

13.     In reviewing Petitioner's tax returns, Castro & Co., LLC found that gains within Dixon's Australian privatized social security accounts, also known as Australian Superannuation Funds, had been included in the return as taxable income as well as other income reporting errors that needed correcting.

14.     On or about October 10, 2016, Castro & Co., LLC timely filed Dixon's 2012 Form 1040X U.S. Amended Income Tax Return, which claimed a refund in the amount of $234,348.00. The IRS approved Petitioner's refund on or around November 2016, and Petitioner received the refund from the IRS.

15.     On or about April 10, 2017, Castro & Co., LLC timely filed Petitioner's 2013 and 2014 Form 1040X U.S. Amended Income Tax Returns, which claims refunds in the amount of $137,656.00, and $1,588,653.00, respectively.

16.     On or about August 23, 2017, Castro & Co., LLC received a "Notice of Tax Due on Federal Tax Return" from the Director of the Department of the Treasury regarding Petitioner's 2013 1040X U.S. Amended Income Tax Return, which purportedly assessed additional taxes on Petitioner without any explanation, lessons, or details, attached hereto as Exhibit B. At no time prior to August 23, 2017, did Dixon receive a Notice of Proposed Adjustment or a Statutory Notice of Deficiency from the IRS as required by 26 U.S.C. § 6212(a) and the Due Process Clause of the U.S. Const. amend XIV.

17.     On or about September 1, 2017, Castro & Co., LLC called the IRS to inquire about the letter from the "Director", and the IRS specifically told Castro & Co., LLC, to ignore the letter and that it had been sent in error. In reliance on this representation from the IRS, Castro & Co., LLC ignored the letter and continued to wait for proper documentation from the IRS.

4

18.     Thereafter, on or about February 12, 2018, a "Notice of Deficiency" issued by the Office of the IRS at Philadelphia, Pennsylvania was mailed to Dixon without any explanation for the alleged amount, attached hereto as Exhibit C. The deficiencies as determined by the Commissioner are income taxes for the calendar year ending on December 31, 2013, in the amount of $181,056.56, a failure to pay penalty in the amount of $4,822.24, and interest in the amount of $3,451.16. The entire amount of the deficiency, $189,329.96, is in dispute.

19.     On or about May 9, 2018, Castro & Co, LLC received a letter from Agent Anton Pukhalenko at the IRS stating that they were starting an examination of Dixon's 2014 amended tax return, attached hereto in redacted form as Exhibit D. Subsequently, Castro & Co., LLC, inquired with Agent Anton Pukhalenko about why the IRS had not received any further documentation regarding Dixon's 2013 amended tax return. Agent Pukhalenko represented to Castro & Co. LLC not to worry and that he would include the 2013 amended tax return assessment in the assessment he was already starting for the 2014 amended tax return. Castro & Co., LLC informed Agent Pukhalenko that they would need an additional thirty days to gather all documents requested in the letter that was mailed to them.

20.     On or about May 10, 2018, Castro & Co., LLC sent Agent Anton Pukhalenko: (i) Dixon's 2013 1040X U.S. Amended Income Tax, (ii) a copy of the letter that was received from the "Director", and (iii) documentation to support the adjustments made on Dixon's 2013 amended tax return.

21.     On or about June 28, 2018, Dixon filed his 2017 Form 1040 U.S. Federal Income Tax Return and his refund was seized to cover the additional tax erroneously and improperly assessed against Dixon for tax year 2013 in the amount of $189,329.96 plus interest.

22.     On or about July 13, 2018, Castro & Co., LLC sent Agent Pukhalenko a second response providing the additional information that Agent Pukhalenko requested in his May 9, 2018 letter to Castro & Co., LLC regarding Dixon's 2014 amended tax return.

23.     On or about November 21, 2018, after not hearing anything from Agent Pukhalenko for several months, Castro & Co., LLC called Agent Pukhalenko to inquire about Petitioner's 2013 and 2014 amended tax return status. Castro & Co., LLC left Agent Pukhalenko a message and never heard back. Again, on December 6, 2018, Castro & Co., LLC called Agent Pukhalenko and received no response.

24.     On or about February 19, 2019, Dixon filed suit against the United States for the recovery of his 2013 and 2014 income tax refunds in the United States Court of Federal Claims. At no time prior to Dixon's suit, did Dixon sign Form 872 or agree to an extension on his assessment time for each of the returns. Pursuant to 26 U.S.C. §6501, the time has passed for the IRS to assess a tax against Dixon for the tax years of 2013 and 2014.

25.     Dixon would show that the IRS approved his 1040X Amended U.S. Income Tax Return for the tax year of 2012. Further, Dixon would show that his 1040X Amended U.S. Income Tax Returns for tax years 2013 and 2014 have identical amendments to them as the approved 2012 amended return.

B. <u>Facts After Original Complaint Filed – Issues Starting With 2015 Tax Return.</u>

26.     On June 20, 2016, Castro & Co filed Dixon's 2015 1040 U.S. Tax Return.

27.     On February 22, 2019, Dixon received a letter from the IRS with form 872 requesting that he agree to an extension on the time for the IRS to assess tax/examine his 2015 1040 U.S. Tax Return, attached hereto as Exhibit E.

28.     On the same day, Dixon received a second letter from IRS Agent Puklahenko stating that Dixon's 2015 1040 was under examination, attached hereto as Exhibit F.

29.     On February 26, 2019, Mr. Pukhalenko faxed correspondence to Castro & Co. requesting confirmation that Dixon was not going to agree to the extension requested on February 22, 2019, attached hereto as Exhibit G.

30.     On March 20, 2019, Anton Pukhalenko sent another fax to Castro & Co. asking for confirmation on Form 872 extension, attached hereto as Exhibit H.

31.     On March 25, 2019, Dixon received a FDR from Agent Anton Pukhalenko, attached hereto as Exhibit I. The FDR states that Dixon did not provide the requested information described on Form 4564, Information Document Request ("IDR"), which was mailed to Dixon and Castro & Co. on March 12, 2019 and requests that Dixon submit the documents requested on the IDR. In addition, Mr. Pukhalenko attaches a completely redacted version of the so-called IDR that was sent to Dixon as to not allow Dixon nor Castro & Co. to determine what is being requested in the FDR. However, neither Dixon nor Castro & Co. had received any IDR for tax year 2015 prior to receiving the FDR. Moreover, even if Mr. Pukhalenko did send the IDR to Dixon, Mr. Pukhalenko did not give Dixon the proper time to respond to the IDR since the IDR was supposedly mailed on

March 12, 2019 and the FDR was mailed on March 25, 2019, effectively creating less than thirteen days to receive the IDR and respond.

32.     On March 29, 2019, Dixon received a Proposed Income Tax Examination Changes for 2015 assessing an additional $72,740.00 in taxes, attached hereto as Exhibit J.

33.     On April 1, 2019, Dixon received an additional Proposed Income Tax Examination Changes for 2015 with a conflicting assessment amount from the examination changes received two days prior, assessing an additional $1,490,948.00 in taxes, attached hereto as Exhibit K.

34.     Notably, Mr. Pukhalenko assessed an additional $1,563,688.00 in taxes against Dixon for 2015, almost equaling the $1,588,653.00 refund claim for tax year 2014 that Dixon is pursuing in his separate suit filed in the United States Court of Federal Claims because Mr. Pukhalenko missed the statutory deadline to deny Dixon's 2014 amended return.

35.     On April 30, 2019, Dixon received a Notice of Deficiency from the IRS for tax year 2015, attached hereto as Exhibit L.

36.     On May 30, 2019, Castro & Co. responded to the Mr. Pukhalenko's FDR, attached hereto as Exhibit M.

## ARGUMENT

## I.     LEGAL STANDARD

Section 982 of the Internal Revenue Code authorizes the Internal Revenue Service ("IRS") to issue an FDR to any taxpayer to obtain foreign-based documentation. 26 U.S.C. §982. Congress enacted section 982 as a pretrial discovery tool "to discourage taxpayers from delaying or refusing disclosure of certain foreign-based information to the

IRS." *See Yujuico v. United States*, 818 F. Supp. 285, 286 (N.D. Cal. 1993); *see also* Conf.Rept. 97–760, to accompany H.R. 4961, 97th Cong., 2d Sess., *reprinted in* 1982 U.S.C.C.A.N. 781, 1363 (hereinafter "Conference Report").

An FDR is defined as "any request (made after the normal request procedures have failed to produce the requested documentation) for the production of foreign-based documentation which is mailed by registered or certified mail to the taxpayer at his last known address and which sets forth— (A) the time and place for the production of the documentation (B) a statement of the reason the documentation previously produced (if any) is not sufficient, (C) a description of the documentation being sought, and, (D) the consequences to the taxpayer of the failure to produce the documentation described in subparagraph (C)." 26 U.S.C. § 982(c)(1).

The consequence to a taxpayer who fails to substantially comply, within 90 days of the service of an FDR, is as follows: any court having jurisdiction of a civil proceeding in which the tax treatment of the examined item is an issue shall prohibit the introduction by the taxpayer of any foreign-based documentation covered by such request. See 26 U.S.C. §982(a). The purpose of the section 982 sanction is to prohibit the taxpayer from introducing at trial records he would not or allegedly could not earlier produce at the audit. An exception to the section 982 sanction is permitted if the taxpayer establishes that the failure to provide the requested documentation is due to reasonable cause. *Id.* Pursuant to IRC §7609(b)(2)(A), "any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 90[th] day after the day such notice is given in the manner provided in subsection (a)(2)." *Id.*

According to the United States Supreme Court, "The Service does not enjoy inherent authority to summons production of the private papers of citizens. It may exercise only that authority granted by Congress." *Id.* The standards for enforcement of an IRS summons and an FDR are the same. *See International Marketing, Ltd. v. United States,* 90–2, U.S.T.C. ¶ 50,476 (N.D.Cal.1990).

Accordingly, the United States must demonstrate that the requirements for enforcement of a summons have been met in order to obtain enforcement of its FDR from this court. *See Yujuico,* 818 F. Supp. 285 at 287.

The Supreme Court set out the following standard for summons enforcement: The United States must show: (1) that there is a legitimate purpose for the investigation; (2) that the material sought is relevant to that purpose; (3) that the material sought is not already within the IRS' possession; and (4) that those administrative steps which are required by the Internal Revenue Code have been taken. *United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964).

**A. Procedural Challenges.**

According to the new process for issuing an IDR to a taxpayer, "the taxpayers will be involved. Examiners will discuss the issue being examined and the information needed with the taxpayer prior to issuing an IDR. Examiners will ensure that the IDR clearly states the issue and the relevant information they are requesting. If the taxpayer does not timely provide the information requested in the IDR by the *agreed upon date*, including extensions, the examiner will issue a delinquency notice. If the taxpayer fails to respond to the delinquency notice or provides an incomplete response, the examiner will issue a pre-summons notice to advise the taxpayer that the IRS will issue a summons unless the missing items are fully provided. A summons will be issued if the taxpayer fails to provide a complete response to the pre-summons letter by its response due date." *See*

https://www.irs.gov/government-entities/tege-announces-new-information-document-request-management-process.

A valid FDR is any request made after the normal request procedures have failed to produce the requested documentation. *See* Yujuico, 818 F. Supp. at 287; *See* 26 U.S.C. §982(c)(1). In addition, Section 982 provides that the FDR must set forth "a description of the documentation being sought." *Id.*

Here, judicial enforcement of the IRS summons is an abusive use of the Court's process. The Internal Revenue Code does not authorize an IRS agent to send a taxpayer an FDR without properly: (1) communicating with the taxpayer the issues being examined, (2) sending the taxpayer an informal IDR with an agreed upon date to answer the informal IDR and (3) the taxpayer choosing to not submit the requested document in the IDR. Mr. Pukhalenko did not abide by the IRS process for issuing an IDR, never spoke to Dixon or Castro & Co. about the issue being examined, did not discuss a date for Dixon to respond to the IDR, and did not issue an IDR to Dixon. Then, Agent Pukhalenko issued a FDR requesting "the documents shown on Form 4564, Information Document Request". Agent Pukhalenko attached a completely redacted Form 4564 to the FDR with a mailing date of March 12, 2019. Dixon has properly received every communication from the IRS and from Agent Pukhalenko from 2012 up until this point.

Dixon has admitted to receiving each document and communication without fail and has done his part as a taxpayer to comply and work with the IRS. It is not plausible that Dixon did not receive the specific letter required to be issued before an IRS agent can issue a FDR if it actually had been sent. Furthermore, Agent Pukhalenko has not in good faith worked with the taxpayer for any extra documentation needed as described in the IRS procedures. Additionally, the FDR that was issued to Dixon fails because it does not contain a visable description of the documentation being sought. The FDR only requests the documents issued on the IDR that Dixon did not receive or know about and

11

then has a completely redacted IDR attached to the FDR, aside from the foreign tax credit paragraph.

Given that the IRS summons is an illegal exercise of authority, as argued hereinabove, the IRS fails to meet the *Powell* standard in that (1) that there is a legitimate purpose for the investigation; (2) that the material sought is relevant to that purpose; (3) that the material sought is not already within the IRS' possession; and (4) that those administrative steps which are required by the Internal Revenue Code have been taken.

### B. Good Faith and already in position of documents

Furthermore, Agent Pukhalenko fails to show that he issued the FDR in good faith. *Powell,* 379 U.S. 48 at 58. Such an abuse would take place if the Summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation. *Id.*

As described above, Dixon is currently seeking a claim for refund in the United States Court of Federal Claims for tax year 2014 in the amount of $1,588,653.00 for failure to properly assess tax during the statute of limitations.

Dixon filed his 2015 Form 1040 on June 20, 2016. Under §6501(a), the IRS is generally required to properly assess a tax within three years after a tax return is filed. If the IRS fails to properly assess the tax, the taxpayer is relieved of the obligation to pay the tax. *See Id.* §§ 6213(a), 6401(a); *See Welch v. United States*, 678 F.3d 1371, 1375–76 (Fed. Cir. 2012).

Before the IRS can assess a deficiency, the IRS is directed to issue the taxpayer a statutory notice of deficiency. *See* 26 U.S.C. §6213(a); *See also Treas.Reg.* § 301.6213–1(a) (as amended 1986); *U.S. v. Zolla,* 724 F.2d 808, 810 (9th Cir.), *cert. denied,* 469 U.S. 830, 105 S.Ct. 116, 83 L.Ed.2d 59 (1984); *U.S. v. Eisenhardt,* 437

F.Supp. 247, 248 (D.Md.1977). The purpose of the notice of deficiency is two-fold: 1) a notice to taxpayers that the IRS intends to assess a tax deficiency, and 2) a jurisdictional prerequisite to filing a petition for redetermination of the deficiency in the Tax Court. *See Russell v. United States*, 774 F. Supp. 1210, 1214 (W.D. Mo. 1991); *See also Kennedy v. U.S.*, 403 F.Supp. 619, 622 (W.D.Mich.1975), *aff'd,* 556 F.2d 581 (6th Cir.1977).

The IRS' failure to issue the statutory notices within the statute of limitations nullifies the assessments levied and permanently bars the IRS from assessing plaintiffs for the alleged tax deficiencies. 26 U.S.C. §6213(a); Treas.Reg. §301.6213–1(a). *See Russell,* 774 F. Supp. at 1215–16; *See also Robinson v. U.S*, 920 F.2d 1157 (3d Cir. 1990) ("Notice of deficiency serves as prerequisite to valid assessment by Internal Revenue Service").

Here, Dixon filed his 2015 tax return on June 20, 2016. Pursuant to §6501, the IRS has until June 20, 2019 to assess a tax against Dixon. Mr. Pukhalenko initiated an exam against Dixon on February 22, 2019 and requested Dixon to sign Form 872 extending the IRS statute of limitations to assess a tax on Dixon. Dixon did not agree to or sign Form 872. In order for Mr. Pukhalenko to properly assess a tax against Dixon during the assessment period, Mr. Pukhalenko needed to be able to issue a Notice of Deficiency by June 20, 2016 to toll the statute of limitations for the IRS to assess the tax. However, in order to do so timely, Mr. Pukhalenko completely abused his discretion as an IRS Agent, did not communicate with the taxpayer at all, did not properly request documents to examine in order to issue the tax assessed, and took away Dixon's due process rights to respond and work with the IRS. Mr. Pukhalenko issued the FDR without any notice on March 25, 2019 because Dixon did not respond to the supposed IDR that was mailed on

March 12, 2019. That effectively gave Dixon and Castro & Co. less than thirteen days rather than the generally acceptable thirty days to receive the IDR and properly supply the information to the IRS. Castro & Co. responded to Mr. Pukhalenko's FDR on May 30, 2019 with the information that had been attached to Dixon's 2015 1040 filing. Dixon understands the documentation already supplied to the IRS to be the only documentation needed in order to show proof of his tax position. There has been no effort on Mr. Pukhalenko's part to establish in detail what other documentation is needed of Dixon. To date, Dixon does not know what more information Mr. Pukhalnenko is requesting for tax year 2015 on the FDR.

Nonetheless, Dixon received an initial Proposed Income Tax Examination Changes on March 29, 2019 in the amount of $72,740.00 and then another Proposed Income Tax Examination Changes on April 1, 2019 in the amount of $1,490,948.00 for the exact same year. On April 30, 2019, Dixon received a Notice of Deficiency effectively tolling the assessment period for the IRS.

Dixon maintains that Mr. Pukhalenko did not act in good faith in: (1) issuing the FDR without any prior communication regarding an IDR being issued; (2) issuing two different Proposed Income Tax Examinations (one accepting Dixon's treaty position and the second one not accepted Dixon's treaty position), effectively creating a tax liability of $1,563,688.00 which is substantially close to the same amount that Dixon is suing the IRS to recover for tax year 2014 because Agent Pukhalenko failed to assess tax against Dixon in the allotted period of time.

## C. No Legitimate Purpose for the FDR

The Commissioner must show that the investigation will be conducted pursuant to a legitimate purpose. *See Powell*, 379 U.S. at 57.

14

As shown in the facts stated above, Dixon contends that there is no legitimate purpose for the FDR investigation other than harassment from an IRS agent's failure to properly meet deadlines in prior years.

### CONCLUSION

Wherefore, Petitioner moves to quash the FDR because (1) the FDR is based on fabricated Form 4654, which was backdated in violation of federal law, and thus deprived Dixon of his constitutional rights; (2) Agent Pukhalenko completely ignored proper IRS administrative procedures to issue the FDR, and thus the FDR was not issued in good faith; (3) the FDR was filed in retaliation against Dixon for filing a case against the IRS in the United States Court of Federal Claims to obtain a refund of $1,588,653 for the tax year 2014 and their investigation has no legitimate purpose; and (4) the IRS is already is in possession of the information. Petitioner further request the Court to issue a finding that Petitioner's due process rights have been violated by the issuance of this FDR and a finding of bad faith against IRS Agent Anton Pukhalenko for issuing the summons for an improper purpose to harass Petitioner.

Dated: June 17, 2019

LOFARO & REISER, L.L.P
Attorneys for Petitioner

By: /s/ Glenn R. Reiser

15

## VERIFICATION

1.      I am the Petitioner.  I have read the foregoing "Verified Petition to Quash IRS Formal Document Request

2.      I am personally familiar with the facts set forth therein.

3.      I hereby certify that the statements of fact contained in the foregoing "Verified Petition to Quash Formal Document Request" are true.

4.      I am aware that I am subject to punishment if any statement contained in this Verification is willfully false.

Dated June  17, 2019

_____
Alan C. Dixon

16

## **CERTIFICATE OF SERVICE**

The undersigned, counsel for the Petitioner, hereby certifies that a copy of the foregoing Verified Petition to Quash IRS Formal Document Request, the accompanying Declaration of John Anthony Castro, and a Proposed Order Granting the Verified Petition to Quash was deposited in the U.S. Mail, certified, return receipt requested, with postage prepaid, addressed to:

Internal Revenue Service
Attn: Anton Pukhalenko
2203 N. Lois Avenue
Suite 500, Stop 4700
Tampa, Florida 33607-2384
USPS Return Receipt No. 7017 3040 0000 3607 1294

Internal Revenue Service
1111 Constitution Square
Washington, DC 20224
USPS Return Receipt No. 7017 3040 0000 3607 1324

U.S. Attorney's Office
970 Broad Street, 7th Floor
Newark, NJ 07102
USPS Return Receipt No. 7017 3040 0000 3607 0624

U.S. Attorney General
U.S. Dept. of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530
USPS Return Receipt No. 7017 3040 0000 3607 0631

Dated: June 21, 2019

By: /s/ Glenn R. Reiser

17