**EXHIBIT "D"**



**Department of the Treasury**
**Internal Revenue Service**
**Large Business and International**
2203 N Lois Avenue
Suite 500, Stop 4700
Tampa FL 33607-2384

Date:
May 9, 2018
Taxpayer ID number (last 4 digits):
7587
Taxpayer name:
ALAN DIXON

Form number:
1040
Years:
December 31, 2014

Person to contact:
Anton Pukhalenko
Employee ID number:
1000815522
Contact telephone number:
(813) 367-8030
Contact fax number:
(888) 254-8765

John Anthony Castro
1701 Pennsylvania Avenue NW
Suite 300
Washington DC 20006

Dear John Anthony Castro:

We are sending the enclosed material under the provisions of your power of attorney or other authorization we have on file. For your convenience, we have listed the name of the taxpayer to whom this material relates in the heading above.

If you have any questions, please call the contact person at the telephone number shown in the heading of this letter.

Thank you for your cooperation.

Sincerely,

*[signature]*

Anton Pukhalenko
Revenue Agent

Enclosures:
☒ Letters    2205A, *907*
☐ Reports
☐ Copy of Determination Letter
☒ Other   IDR

Letter 937 (Rev. 3-2017)
Catalog Number 30760X



**Department of the Treasury**
**Internal Revenue Service**
**Large Business and International**
2203 N Lois Avenue
Suite 500, Stop 4700
Tampa FL 33607-2384

ALAN DIXON
C/O CASTRO CO.
121 S ORANGE 15TH
ORLANDO FL 32801-3241

Date:
May 9, 2018
Taxpayer ID number (last 4 digits):
7587
Form:
1040
Tax period(s):
December 31, 2014
Response due date:
June 9, 2018
Person to contact:
Anton Pukhalenko
Contact hours:
7:30 AM - 4:00 PM
Contact telephone number:
(813) 367-8030
Contact fax number:
(888) 254-8765
Employee ID number:
1000815522

Dear ALAN DIXON:

Your federal return for the period(s) shown above was selected for examination.

**What you need to do**
Please call me on or before the response date listed at the top of this letter. You may contact me at the telephone number and times provided above.

**What we will discuss**
During our telephone conversation, we will discuss:
- Items on your return that I will be examining.
- Types of documents I will ask you to provide.
- The examination process.
- Any concerns or questions you may have.
- The date, time and agenda for our first meeting.

The issues listed below are the preliminary items identified for examination. During the course of the examination, it may be necessary to add or reduce the list of items. If this should occur, I will advise you of the change.

- Dividends
- Capital Gain
- Other Income

- Foreign Tax Credit
- 
- 

- 
- 
- 

**Someone may represent you**
You may have someone represent you during any part of this examination. If you decide you want representation, the representative you authorize will need a completed Form(s) 2848, *Power of Attorney and Declaration of Representative*, before we can discuss any of your tax matters.

Letter 2205-A (Rev. 2-2017)
Catalog Number 37456E

If you choose to have someone represent you, please provide a completed Form 2848 by our first appointment. You can mail or fax the form to me or have your representative provide it at the first appointment, if you won't be present. You can obtain Form 2848 from our office, from our web site, www.irs.gov or by calling (800) 829-3676.

If you filed a joint return, you and your spouse may attend the examination. If you and/or your spouse choose not to attend with your representative, you must provide completed Form(s) 2848. You should provide a separate Form 2848 for each spouse if you filed jointly even if you use the same representative.

**Your rights as a taxpayer**
We have enclosed Publication 1, *Your Rights as a Taxpayer* and Notice 609, *Privacy Act Notice*. The Declaration of Taxpayer Rights found in Publication 1 discusses general rules and procedures we follow in examinations. It explains what happens before, during, and after an examination, and provides additional sources of information.

A video presentation, "Your Guide to an IRS Audit," is available at http://www.irsvideos.gov/audit. The video explains the examination process and will assist you in preparing for your audit.

Thank you for your cooperation and I look forward to hearing from you on or before the response date provided above.

Sincerely,

Anton Pukhalenko
Revenue Agent

Enclosures:
Publication 1
Notice 609

Letter 2205-A (Rev. 2-2017)
Catalog Number 37456E

| Form **4564** (Rev. September 2006) | Department of the Treasury – Internal Revenue Service<br>**Information Document Request** | Request Number<br>1-0001 |
|---|---|---|

| To: (Name of Taxpayer and Company Division or Branch)<br>ALAN DIXON | Subject<br>Amended U.S. Individual Income Tax Return |
|---|---|
| | SAIN number | Submitted to:<br>ALAN DIXON |
| Please return Part 2 with listed documents to requester identified below | Dates of Previous Requests (mmddyyyy) |

Description of documents requested

Tax Period(s):   201412

To make the examination as brief as possible please provide the following:

1. A complete copy of the original Form 1040;
2. Substantiation of your U.S. residency status (a copy of U.S. passport or green card);
3. Explanation and substantiation for Capital Gain's decrease in the amount of $67,563. If the decrease is associated with Australian Superannuation Fund, submit a statement provided by administrator of your account which shows receipts, disbursements, and accumulated assets;
4. Explanation and substantiation for Other Income's decrease in the amount of $40,143;
5. Explanation and substantiation for Dividends' decrease in the amount of $155,700;
6. Narrative of facts and circumstances, which led to conclusion that $ 6,386,190 originally reported as Dividends should have been reported as "passive non-se business income";
7. With respect to Foreign Tax Credit's increase in the amount of $2,456,957 please provide receipts or statements showing foreign source income and foreign income taxes paid or withheld from your earnings. Indicate:
    - Type of foreign tax paid or accrued
    - Date of payment or accrual
    - Exchange rate used to convert foreign currency to U.S. dollars, and
    - Amount of payment.
8. A complete copy of the tax return(s) filed with Australian authorities covering the same period as your U.S. tax return. For foreign taxes paid or accrued relating to tax years other than the one being examined, copies of your U.S. and foreign tax returns for those years. A schedule showing how you computed the credit carry back or carryover if applicable, and complete copies of Forms 1040 and 1116 for all years involved.

Information due by  06/09/2018           At next appointment ☐      Mail in ☒

From:
Name and Title of Requester
Anton Pukhalenko, Revenue Agent

Employee ID number
1000815522

Date (mmddyyyy)
05/09/2018

Office Location:  2203 N Lois Avenue
                  Suite 500, Stop 4700
                  Tampa, FL 33607-2384

Phone: (813)367-8030
Fax:

Catalog Number 23145K     www.irs.gov     Part 1 - Taxpayer's File Copy     Form **4564** (Rev. 9-2006)

**Department of the Treasury**
**Internal Revenue Service**
**Large Business and International**
2203 N Lois Avenue
Suite 500, Stop 4700
Tampa FL  33607-2384

Date:
May 9, 2018
Tax years:
December 31, 2014
Taxpayer ID number (last 4 digits):
7587
Kind of tax:
Income
Consent form number:
872
Person to contact:
Anton Pukhalenko
Employee ID number:
1000815522
Contact telephone number:
8133678030

ALAN DIXON
C/O CASTRO CO.
121 S ORANGE 15TH
ORLANDO FL 32801-3241

Dear ALAN DIXON:

The limitation period allowed by law for assessing additional tax on your federal tax return will expire soon. Therefore, we request that you consent to extend the period for assessment.

We have enclosed copies of consent Form 872, which extends the statute of limitation period.
Before signing this form, it is important that you understand your rights concerning consents, which are as follows:

1) You have the right to refuse to extend the limitation period.
2) You have the right to request the extension be limited to particular issues held open for further examination or appeal.
3) You have the right to request the limitation period be limited to a specific date.

If you wish to exercise any of your rights mentioned above, please review the enclosed Publication 1035 *Extending the Tax Assessment Period,* for a more detailed explanation of your rights, options, and procedures.

**NOTE:** You do not have to sign the consent to be considered to have cooperated with the Internal Revenue Service for purposes of determining who has the burden of proof in any court proceeding.

**Joint Filers:** If the enclosed consent is for a joint return, each individual must sign.

If you agree to the terms in the enclosed consent form, please sign all copies of the consent form and return them in the enclosed envelope within 16 days from the date of this letter.

**NOTE:** It is important that you sign your name exactly as it appears on Form 872. Upon acceptance, we will return an approved copy for your records.

If you have questions concerning the enclosed form or your rights when extending the statute of limitations please contact the person whose name and number is shown above. If the telephone number is outside your local calling area, there will be a long distance charge to you. If you choose to write, please provide a telephone number and most convenient time to call if we need to contact you.

Letter 907 (Rev. 1-2017)
Catalog Number 62067X

Thank you for your cooperation.

Sincerely,

*[signature]*

Anton Pukhalenko
Revenue Agent

Enclosures:
Copies of consent form
Envelope
Publication 1035

**Letter 907 (Rev. 1-2017)**
Catalog Number 62067X

| Form **872**<br>(Rev. July 2014) | Department of the Treasury-Internal Revenue Service<br>**Consent to Extend the Time to Assess Tax** | In reply refer to:<br>2014 Form 1040<br>TIN<br>7587 |
|---|---|---|

Alan C. Dixon

*(Name(s))*

taxpayer(s) of    c/o Castro & Co., 121 S Orange 15th, Orlando FL 32801

*(Address)*

and the Commissioner of Internal Revenue consent and agree to the following:

(1) The amount of any Federal _____ income _____ tax due on any return(s) made by or
*(Kind of tax)*

for the above taxpayer(s) for the period(s) ended

December 31, 2014

may be assessed at any time on or before _____ December 31, 2019 _____ . If a provision
*(Expiration date)*

of the Internal Revenue Code suspends the running of the period of limitations to assess such tax, then, when, under the Internal Revenue Code, the running of the period resumes, the extended period to assess will include the number of days remaining in the extended period immediately before the suspension began.

(2) The taxpayer(s) may file a claim for credit or refund and the Service may credit or refund the tax within 6 months after this agreement ends, except with respect to the items in paragraph (4).

(3) Paragraph (4) applies only to any taxpayer who holds an interest, **either directly or indirectly,** in any partnership subject to subchapter C of chapter 63 of the Internal Revenue Code.

(4) Without otherwise limiting the applicability of this agreement, this agreement also extends the period of limitations for assessing any tax (including penalties, additions to tax and interest) attributable to any partnership items (see section 6231 (a)(3)), affected items (see section 6231(a)(5)), computational adjustments (see section 6231(a)(6)), and partnership items converted to nonpartnership items (see section 6231(b)). Additionally, this agreement extends the period of limitations for assessing any tax (including penalties, additions to tax, and interest) relating to any amounts carried over from the taxable year specified in paragraph (1) to any other taxable year(s). This agreement extends the period for filing a petition for adjustment under section 6228(b) but only if a timely request for administrative adjustment is filed under section 6227. For partnership items which have converted to nonpartnership items, this agreement extends the period for filing a suit for refund or credit under section 6532, but only if a timely claim for refund is filed for such items.

(5) This Form contains the entire terms of the Consent to Extend the Time to Assess Tax. There are no representations, promises, or agreements between the parties except those found or referenced on this Form.

**Your Rights as a Taxpayer**

You have the right to refuse to extend the period of limitations or limit this extension to a mutually agreed-upon issue(s) or mutually agreed-upon period of time. **Publication 1035, Extending the Tax Assessment Period,** provides a more detailed explanation of your rights and the consequences of the choices you may make. If you have not already received a Publication 1035, the publication can be obtained, free of charge, from the IRS official who requested that you sign this consent or from the IRS' web site at www.irs.gov or by calling toll free at 1-800-TAX-FORM (1-800-829-3676). Signing this consent will not deprive you of any appeal rights to which you would otherwise be entitled.

*(Space for signature is on the back of this form and signature instructions are attached)*

Catalog Number 20755I        www.irs.gov        Form **872** (Rev. 7-2014)

| TIN ▉7587 | Period Ending | December 31, 2014 | Expiration Date December 31, 2019 |

**SIGNING THIS CONSENT WILL NOT DEPRIVE THE TAXPAYER(S) OF ANY APPEAL RIGHTS TO WHICH THEY WOULD OTHERWISE BE ENTITLED.**

**YOUR SIGNATURE HERE** ➡
_____ (Date signed)

_____
(Type or Print Name)

I am aware that I have the right to refuse to sign this consent or to limit the extension to mutually agreed-upon issues and/or period of time as set forth in I.R.C. § 6501(c)(4)(B).

**SPOUSE'S SIGNATURE** ➡
_____ (Date signed)

_____
(Type or Print Name)

I am aware that I have the right to refuse to sign this consent or to limit the extension to mutually agreed-upon issues and/or period of time as set forth in I.R.C. § 6501(c)(4)(B).

**TAXPAYER'S REPRESENTATIVE SIGN HERE** ➡
(Only needed if signing on behalf of the taxpayer.)
_____ (Date signed)

_____
(Type or Print Name)

I am aware that I have the right to refuse to sign this consent or to limit the extension to mutually agreed-upon issues and/or period of time as set forth in I.R.C. § 6501(c)(4)(B). In addition, the taxpayer(s) has been made aware of these rights.

If this document is signed by a taxpayer's representative, the Form 2848, Power of Attorney and Declaration of Representative, or other power of attorney document must state that the acts authorized by the power of attorney include representation for the purposes of Subchapter C of Chapter 63 of the Internal Revenue Code in order to cover items in paragraph (4).

**CORPORATE NAME** ➡
_____
_____

**CORPORATE OFFICER(S) SIGN HERE** ➡

_____ (Title) _____ (Date signed)
(Type or Print Name)

_____ (Title) _____ (Date signed)
(Type or Print Name)

I (we) am aware that I (we) have the right to refuse to sign this consent or to limit the extension to mutually agreed-upon issues and/or period of time as set forth in I.R.C. § 6501 (c)(4)(B).

**INTERNAL REVENUE SERVICE SIGNATURE AND TITLE**

Theodore F. Curtis                           Supervisory Revenue Agent
(IRS Official's Name - see instructions)     (IRS Official's Title - see instructions)

_____ (Date signed)
(IRS Official's Signature - see instructions)

Catalog Number 20755I          www.irs.gov          Form **872** (Rev. 7-2014)

## Instructions

If this consent is for:

- Income tax, self-employment tax, or FICA tax on tips and is made for any year(s) for which a joint return was filed, both husband and wife must sign the original and copy of this form unless one, acting under a power of attorney, signs as agent for the other. The signatures must match the names as they appear on the front of this form.

- Gift tax and the donor and the donor's spouse elected to have gifts to third persons considered as made one-half by each, both husband and wife must sign the original and copy of this form unless one, acting under a power of attorney, signs as agent for the other. The signatures must match the names as they appear on the front of this form.

- Chapter 41, 42, or 43 taxes involving a partnership or is for a partnership return, only one authorized partner need sign.

- Chapter 42 taxes, a separate Form 872 should be completed for each potential disqualified person, entity, or foundation manager that may be involved in a taxable transaction during the related tax year. See Revenue Ruling 75-391, 1975-2C.B 446.

If you are an attorney or agent of the taxpayer(s), you may sign the consent provided the action is specifically authorized by a power of attorney. If the power of attorney was not previously filed, you must include it with this form.

If you are acting as a fiduciary (such as executor, administrator, trustee, etc.) and you sign this consent, attach Form 56, Notice Concerning Fiduciary Relationship, unless it was previously filed.

If the taxpayer is a corporation, sign this consent with the corporate name followed by the signature and title of the officer(s) authorized to sign.

## Instructions for Internal Revenue Service Employees

Complete the delegated IRS official's name and title of the employee who is signing the form on behalf of the IRS.

An IRS official delegated authority under Delegation Order 25-2 must sign and date the consent. (IRM 1.2.52.3)

Catalog Number 20755I          www.irs.gov          Form **872** (Rev. 7-2014)

Publication 1035



# Extending the Tax Assessment Period

## Background

The Internal Revenue Service (Service) makes every effort to examine tax returns as soon as possible after they are filed. To ensure timely tax examinations, Congress has set deadlines for assessing taxes and making refunds or credit of tax. These deadlines are called "statutes of limitations." Without statutes of limitations, a tax return could be examined and tax assessed, refunded, or credited at any time, regardless of when the return was filed.

Assessment statutes of limitations generally limit the time the Service has to make tax assessments to within three years after a return is due or filed, whichever is later. The Service cannot assess additional tax after the time for assessment has expired under any statute of limitations (even if the Service discussed the need for a tax adjustment with you before the expiration). Statutes of limitations also limit the time you have to file a claim for credit or refund. The Service is legally prohibited from making a refund or credit for your claim if you file it after the time for filing has expired under the statute of limitations. Also, if you disagree with the return examination findings, we cannot provide you with an administrative appeal within the Service unless sufficient time remains on the statute of limitations.

Because of these restrictions, the Service identifies tax returns under examination for which the statutory period for assessment is about to expire and requests that you extend the assessment statute of limitations. This additional time allows you to provide further documentation to support your position, request an appeal if you do not agree with the examiner's findings or to claim a tax refund or credit. The extended assessment statute allows the Service time to properly complete the examination of the tax return and to make any additional assessment or reduction in the previously assessed tax liability that is required.

Congress, recognizing that additional time may sometimes be needed to fairly resolve a tax examination, has provided for extending the statutory period by written agreement between you and the Service. These agreements are called "consents" and generally apply to all taxes except estate tax. To provide consistency, the Service has developed forms for the written consents. The signed consent form is considered to be binding on you and the Service.

There are two basic kinds of consents: the fixed-date consent and the open-ended consent. The fixed-date consent sets a specific expiration date for the extension of the statute, while the open-ended consent extends the statute for an indefinite length of time.

## Length of Extension

The Service's examiners will request an extension period no longer than is necessary to complete the examination and any administrative action necessary to process your case. As stated above, the Service uses two kinds of consents to accomplish this, a "fixed-date" and an "open-ended" consent.

Fixed-date consents expire on the date specified in the consent. Once the original date under the statute of limitations is extended by a signed consent, it may be further extended by the mutual agreement of the parties before the expiration date of the previous extension period. The fixed-date consent is used for most examination and appeal activities. The principal forms used are Form 872, *Consent to Extend the Time to Assess Tax,* Form 872-B, *Consent to Extend the Time to Assess Miscellaneous Excise Taxes,* or Form SS-10, *Consent to Extend the Time to Assess Employment Taxes.*

Publication 1035 (Rev. 9-2017)  Catalog Number 46890Q  Department of Treasury  **Internal Revenue Service**

In an open-ended consent, the extension period generally remains open until 90 days after either the taxpayer or the Service sends the prescribed notice ending the agreement. The procedures for using this consent are set forth in Revenue Procedure 79-22, 1979-1 C.B. 563, which may be obtained by calling the Internal Revenue Service at 1-800-829-1040 if the tax return being examined is one of the Form 1040 series of returns (for example, Form 1040, Form 1040A, Form 1040EZ) or 1-800-829-4933, if any other type of return is being examined. The open-ended consent may be used for cases placed in suspense, scheduled for appeals or other situations where it would be advantageous to both you and the Service to do so.

Form 872-A, *Special Consent to Extend the Time to Assess Tax*, is used for agreeing to an open-ended assessment period. However, Form 872-A may not be used for employment taxes or certain miscellaneous excise taxes.

## Restricted Consents

In addition to extending the length of the assessment statutory period, consent agreements may also limit further examination or appeal activities to specific tax issues. These agreements are called "restricted consents" and have either a fixed or open-ended date of expiration. It is the Service's position that the taxpayer has a right to request a restricted consent; however, as a general rule, the Service will not enter into restricted consents unless all of the following conditions exist:

1) The number of unresolved issues that must be covered by the restricted consent does not make it impractical to do so.
2) The scope of the restrictions must be clearly and accurately described for all the unresolved issues.
3) The issues not covered by the restricted consent are agreed and provision is made for assessing any deficiency or employment tax liability or, under certain circumstances, scheduling any over- assessment (refund or credit) for the agreed issues.
4) The appropriate Service official approves the use of a restricted consent.
5) The terms and language in the restricted consent are approved by IRS Counsel prior to the consent being signed by the parties.

A restricted consent is used to allow the assessment statute to expire on the normal or previously extended statute expiration date with regard to items on the return except those covered by the restrictive language. The consent should be prepared by the Service, and not by the taxpayer or the taxpayer's representative. The restrictive statements are to be typed on the consent form to ensure legal validity and to ensure you and the Service are aware of any restrictions. If the restrictions will not fit on the consent form, a reference will be made on that form to an attachment. The Service office examining your return is responsible for preparing the restrictive language and must obtain approval of IRS Counsel as to its legal sufficiency. If you wish to add or amend restrictions to a consent form submitted to you for your signature, please discuss your request with the Service employee requesting the consent and the Service generally will prepare a new consent form.

## Your Available Options

When asked to sign the consent extending the statutory period, you have three options with rights and alternatives for each. You have the right to:

- **Sign an unconditional consent** (a fixed-date or open-ended consent that does not limit the examination or appeal activities to specific issues). This provides the Service the same assessment authority and you the same appeal opportunities as available under the original statutory period of limitations.

  Please note that the Service may examine any issues relevant to your tax return and make any required tax assessment during the extended statutory period.

- **Negotiate consent terms.** The Internal Revenue Code does not specify the length of the extension period, or the extent of examination or appeal activities. This flexibility allows you and the Service to negotiate the tax issues covered by the consent and/or the length of the extension period. During any discussions, factors such as the number, type and difficulty of issues, whether issues that are not covered by the consent are agreed, etc., will be considered. Both you and the Service must agree to the terms of the consent and sign the consent form before it becomes effective.

- **Refuse to sign the consent –Taxes other than certain employment taxes and certain miscellaneous excise taxes.** If you choose not to sign the consent, we will take steps that will allow us to assess any tax we determine to be due. These steps begin with the issuance of a formal notice (see Notice of Deficiency, below, or Notice of Employment Tax Determination Under IRC §7436, below, for explanation). This notice neither requires that you make an immediate payment, nor that you immediately take your case to the Tax Court. The notice gives you 90 days (150 days if the notice was addressed to a person outside the United States) to either agree to the deficiency or employment tax liability, or file a petition with the United States Tax Court for a redetermination of the proposed deficiency or employment tax liability.

    If you petition the Court, you will generally have the opportunity for a pretrial settlement. If agreement cannot be reached, the case will be heard in court. Whether or not you signed a consent to extend the assessment statute of limitations will have no bearing on who has the burden of proof in any court proceeding.

    If you don't agree and don't file a petition during the 90-day or 150-day period, the amount shown in the Notice of Deficiency or Notice of Employment Tax Determination Under IRC §7436 will be assessed and you must make arrangements for payment. Under no circumstances will a penalty be charged for not signing the consent to extend the assessment statute of limitations.

    As an alternative, you can pay the disputed amount of tax and file a claim for refund. The claim must be filed within the period of limitations for filing claims; however a timely filed claim can be examined, reviewed, and appealed after the period for filing claims has expired. Of course, if you wish, you can take your case to the United States District Court or the United States Court of Federal Claims within the period specified by Internal Revenue Code Section 6532. That section requires that you wait at least six months after filing your claim with the Service before you may file suit, and also requires you to file the suit within two years of receiving a notice that your claim has been disallowed.

**Refuse to sign the consent – Certain employment taxes and certain miscellaneous excise taxes.** If you choose not to sign the consent extending the period of limitations for certain employment taxes or certain miscellaneous excise taxes, we will normally assess the tax. Generally, your only recourse is to pay the tax when assessed. You may then file a claim for refund within the applicable statutory period of limitations, and upon our disallowance of the claim or six months from the date the claim is filed, file suit in a United States District Court or the United States Court of Federal Claims. A refund suit must be filed no later than two years from the date of the mailing by the Service of the notice of claim disallowance, unless you and the Service agree in writing to extend the period for filing suit. Form 907, Agreement to Extend the Time to Bring Suit, is generally used for this purpose. (Note, however, that if you execute a written waiver of this notice requirement, the two-year period runs from the date the waiver is filed. A waiver is generally executed on Form 2297, Waiver of Statutory Notice of Claim Disallowance). We will consider a claim for abatement of the assessment of certain employment taxes or certain miscellaneous excise taxes if a jeopardy assessment (see jeopardy assessment, below) is involved or you establish a meritorious reason for the Service to consider the claim for abatement.

Additional information concerning your appeal rights is contained in Publication 556, *Examination of Returns, Appeal Rights, and Claims for Refund*. Appeal procedures for adverse determinations in Tax Exempt and Government Entities Division cases are explained in Publication 1020 and Publication 892. Copies of the publications and notice are available from the Internal Revenue Service, free of charge, by calling 1-800-829-3676.

## Notice of Deficiency

If the Commissioner determines there is a deficiency of income, estate, gift, or certain miscellaneous excise taxes, the law authorizes the Commissioner to send notice of such deficiency to the taxpayer by certified or registered mail. Certain Service officials are authorized to issue these notices for the Commissioner of Internal Revenue. The notice is not an assessment of tax. It is a proposed deficiency and gives you 90 days (150 days if the notice was addressed to a person outside the United States) to either agree to the deficiency or file a petition with the United States Tax Court for a redetermination of the deficiency. Once the notice of deficiency is issued, the 90 or 150-day period cannot be suspended or extended. The notice of deficiency can be rescinded under certain circumstances if both parties agree.

## Notice of Employment Tax Determination Under IRC § 7436

If the Commissioner makes a determination of certain employment tax issues (worker classification and/or section 530 determinations), the Commissioner may send a Notice of Employment Tax Determination Under IRC § 7436 to the taxpayer by certified or registered mail. Certain Service officials are authorized to issue these notices for the Commissioner of Internal Revenue. The notice is not an assessment of tax. It is a proposed liability of employment tax and gives you 90 days (150 days if the notice was addressed to a person outside the United States) to either agree to the proposed liability or file a petition in the United States Tax Court for a redetermination of the issues contained within the notice. Once the notice is issued, the 90 or 150-day period cannot be suspended or extended. Neither can the notice be rescinded once it is issued.

## Jeopardy Assessment

Jeopardy assessments are made when the Service believes that collection of a proposed deficiency or employment tax liability will be endangered if we follow our regular procedures (see Internal Revenue Code Sections 6861 and 6862). Jeopardy assessments are used sparingly and only when necessary to protect the government's interest. Each jeopardy assessment must receive the approval of a designated Service official. In addition, written approval from IRS Counsel (or delegate) is required.

Jeopardy assessments will be made only if one or more of the following conditions exist:

1. The taxpayer is, or appears to be, planning to depart the United States quickly or to conceal himself/herself;
2. The taxpayer is, or appears to be, planning to place his/her property (including retirement plans) beyond the reach of the government by removing it from the United States, concealing it, dissipating it, and/or transferring it to another person; or
3. The taxpayer's financial solvency is or appears to be imperiled. (This does not include investigations where the taxpayer becomes insolvent by the accrual of the proposed assessment of tax, penalty, and interest.)

The Service will promptly consider a taxpayer's written request for administrative review of the decision that collection of the tax was in jeopardy, or that the amount of the assessment was excessive.

**Note:** Jeopardy assessments are not made because the period of limitations for assessing the tax is about to expire or because a taxpayer does not consent to extend the statutory period, unless the collection of the tax deficiency or proposed employment tax liability is in jeopardy for the reasons described above.

## Interest

Generally, interest continues to accrue on any balance due until full payment is made, including the time for appeal within the Service or the courts. However, for individual taxpayers, interest on an income tax deficiency will stop accruing under certain conditions after 18 months (36 months if the Service notifies you of the additional tax liability after November 25, 2007) from the later of the return due date or the date of filing if filed under a valid filing extension and will start accruing again if payment is not timely made after the Service notifies you of the additional tax liability. Also, a cash deposit may be made to stop the accrual of interest. For information on cash deposits, please contact the Service employee requesting the consent.

## Summary

This publication gives general information about the consent process and options available to you should the Service ask you to extend the statutory period of limitations. Specific questions should be addressed to the Service employee requesting the consent.