# EXHIBIT "L"



**Department of the Treasury**
**Internal Revenue Service**
**Small Business and Self-Employed**
400 North 8th Street
Room 1002, Mailbox 33
Richmond VA 23219

Date: APR 3 0 2018

Taxpayer ID number:
███████7587

Form:
1040

Person to contact:
Patrice A. Sadowski

Contact telephone number:
973-921-4159

Contact fax number:
877-477-9168

Employee ID number:
0210023

Last day to file petition with US tax court:
JUL 2 9 2018

CERTIFIED MAIL

ALAN C DIXON
C/O Castro & Co., LLC
121 S Orange Avenue, 15th Floor
Orlando FL 32801-3241

### Notice of Deficiency

| Tax Year Ended: | December 31, 2015 |
| --- | --- |
| Deficiency:<br>Increase in tax | $1,490,948.00 |
| Penalties or Additions to Tax | |
| IRC 6662(d) | $14,548.00 |

Dear ALAN C DIXON:

**Why we are sending you this letter**
We determined that you owe additional tax or other amounts, or both, for the tax years above. This letter is your **Notice of Deficiency** as required by law. The enclosed Form 4549-A, Income Tax Discrepancy Changes (Unagreed and Excepted Agreed), or Form 5278, Statement – Income Tax Changes, shows how we figured the deficiency.

**If you disagree with the Notice of Deficiency**
If you want to contest this determination in court before making any payment, you have 90 days from the date of this letter (150 days if this letter is addressed to you outside of the United States) to file a petition with the United States Tax Court for a redetermination of the deficiency.

**Letter 531 (Rev. 11-2017)**
Catalog Number 40223L

**How to file your petition**

If you have recently sought bankruptcy relief by filing a petition in bankruptcy court, see enclosed Notice 1421, How Bankruptcy Affects Your Right to File a Petition in Tax Court in Response to a Notice of Deficiency. You can download a petition form and rules for filing a petition from the Tax Court's website at www.ustaxcourt. gov or by contacting the Office of the Clerk at the address below or at 202-521-0700. Send your completed petition form, a copy of this letter, and copies of all statements and schedules you received with this letter to the address below.

United States Tax Court
400 Second Street, NW
Washington, DC 20217

If more than one tax year is shown above, you can file one petition form showing all of the years you are challenging. The Tax Court has a simplified procedure for small tax cases when the amount in dispute for each tax year is $50,000 or less (including penalties). If you plan to file a petition for multiple tax years and the amount in dispute for any one or more of the tax years exceeds $50,000, you cannot use this simplified procedure. If you use this simplified procedure, you cannot appeal the Tax Court's decision. You can get information about the simplified procedure for small cases by writing to the court at the address above or from www.ustaxcourt.gov.

You can represent yourself before the Tax Court, or anyone allowed to practice before the Tax Court can represent you.

**Time limits on filing a petition**
**The court cannot consider your case if you file the petition late.**

- A petition is considered timely filed if the Tax Court receives it within the prescribed 90 or 150-day period.

- A petition is also generally considered timely if the postmark date by the United States Postal Service or the date marked by a designated private delivery service in lieu of a postmark is within the 90 or 150-day period and the envelope containing the petition is properly addressed with the correct postage. However, the postmark rule does not apply to a petition that is mailed from a foreign country. In other words, a petition that arrives at the Tax Court after the prescribed 90 or 150-day period may be untimely filed even if it was timely mailed from the foreign country within the prescribed 90 or 150-day period.

- Not all services offered by private delivery companies are designated delivery services. For a list of designated delivery services available for domestic and international mailings, see Notice 2016-30, which is available on the IRS website at https://www.irs.gov/pub/irs-drop/n-16-30.pdf. Please note that Notices may be updated, superseded, or modified.

- The time you have to file a petition with the Tax Court is set by law and cannot be extended or suspended, even for reasonable cause. Contacting the IRS for more information or receiving other correspondence from the IRS won't change the allowable time for filing a petition with the Tax Court.

**If you are married**

As required by law, we send separate notices to spouses. If we addressed this letter to both spouses, and both want to petition the Tax Court, **both** must sign and file the petition or **each** must file a separate, signed petition. If only one spouse timely petitions the Tax Court, the deficiency may be assessed against the non-petitioning spouse.

If only one spouse is in bankruptcy at the time we issued this letter or files a bankruptcy petition after the date of this letter, the bankruptcy automatic stay does not prevent the spouse who is not in bankruptcy from filing a petition with Tax Court. The bankruptcy automatic stay of the spouse seeking bankruptcy relief does not extend the time for filing a petition in Tax Court for the spouse who is not in bankruptcy.

**If you agree with the Notice of Deficiency**

If you decide not to file a petition with the Tax Court, please sign the enclosed Form 4089-B, Notice of Deficiency - Waiver, and return it to us at the IRS address on the top of the first page of this letter. This will permit us to assess the deficiency quickly and can help limit the accumulation of interest.

**If we don't hear from you**

If you decide not to sign and return Form 4089-B, and you do not file a petition with the Tax Court within the time limit, we'll assess and bill you for the deficiency (and applicable penalties and interest) after the expiration of the 90 day period from the date of this letter (150 days if this letter is addressed to you outside the United States).

**Note:** If you are a C-corporation, Section 6621(c) of the Internal Revenue Code requires that we charge an interest rate two percent higher than the normal rate on corporate underpayments in excess of $100,000.

**If you need more assistance**

If you have questions about this letter, you can contact the person at the top of this letter. If you write, include a copy of this letter, your telephone number, and the best hours to reach you. Keep the original letter for your records.

**Information about the IRS Taxpayer Advocate Service**

The IRS office whose phone number appears at the top of the notice can best address and access your tax information and help get you answers. However, you may be eligible for free help from the Taxpayer Advocate Service (TAS) if you can't resolve your tax problem with the IRS, or you believe an IRS procedure just isn't working as it should. TAS is an independent organization within the IRS that helps taxpayers and protects taxpayer rights. If you believe you are eligible for TAS assistance, call the TAS toll-free number at 877-777-4778 or TTY/TDD 800-829-4059, or contact your local TAS office at the phone number and address shown on the enclosed Notice 1214, Helpful Contacts for Your "Notice of Deficiency." For more information about TAS and your rights under the Taxpayer Bill of Rights, go to www.taxpayeradvocate.irs.gov. Do not send your Tax Court petition to TAS. Use the Tax Court address provided earlier in this letter. Contacting TAS does not extend the time to file a petition.

**Information about Low Income Taxpayer Clinics and other resources**
Assistance can be obtained from individuals and organizations that are independent from the IRS. The Directory of Federal Tax Return Preparers with credentials recognized by the IRS can be found at http://irs.treasury.gov/rpo/rpo.jsf. IRS Publication 4134 provides a listing of Low Income Taxpayer Clinics (LITCs) and is available at www.irs.gov. Also, see the LITC page at www.taxpayeradvocate.irs.gov/litcmap. Assistance may also be available from a referral system operated by a state bar association, a state or local society of accountants or enrolled agents or another nonprofit tax professional organization. The decision to obtain assistance from any of these individuals and organizations will not result in the IRS giving preferential treatment in the handling of the issue, dispute or problem. You don't need to seek assistance to contact us. We will be pleased to deal with you directly and help you resolve your situation.

Sincerely,

Charles P. Rettig
Commissioner
By

Sheila Korth
Territory Manager

Enclosures:
Form 4549-A or Form 5278
Form 4089-A or Form 4089-B
Notice 1214

**Letter 531 (Rev. 11-2017)**
Catalog Number 40223L

Page: 5

Continuation Sheet

NAME:   ALAN C DIXON                                    TIN: ███ 7587

Interest on Deficiencies

Interest on Deficiencies will accrue from the due date of the return until paid.

Year: 2015
Penalty Name: IRC 6662(d)
Penalty Amount: $14,548.00

Substantial understatement penalty added

It is determined that all of the underpayment of tax is a substantial understatement of income tax, since the resulting understatement of tax exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000 ($10,000 if a corporation). Consequently, there is added to the tax an amount equal to 20 percent of such underpayment of tax pursuant to Section 6662 of the Internal Revenue Code.

Alternative Position:
Negligence penalty

All or part of the underpayment to tax is due to negligence or disregard of rules and regulations. Negligence is defined as a failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code or to exercise ordinary and reasonable care in the preparation of a tax return. Negligence also includes a failure to keep proper books and records or to properly substantiate claimed items. Disregard of rules and regulations is the taxpayer's careless, reckless, or intentional failure to follow the appropriate law in completing the return, and reflects a disregard of the IRC, temporary or final regulations, revenue rulings, or IRS notices. Consequently, there is added to the tax an amount equal to 20 percent of the underpayment, as provided by IRC 6662

# Helpful Contacts for Your "Notice of Deficiency"

The IRS office whose phone number appears at the top of the notice can best address and access your tax information and help get you answers.

You also may be eligible for help from the Taxpayer Advocate Service. The Taxpayer Advocate Service is an *independent* organization within the IRS that helps taxpayers and protects taxpayer rights. We help taxpayers whose problems with the IRS are causing financial difficulties, who've tried but haven't been able to resolve their problems with the IRS, or believe an IRS system or procedure isn't working as it should. And our service is *free*.

Your local advocate's number is in your local directory and at taxpayeradvocate.irs.gov. You can also call us at **1-877-777-4778**. For more information about TAS and your rights under the Taxpayer Bill of Rights, go to taxpayeradvocate.irs.gov. The Taxpayer Advocate Service is your voice at the IRS.

The Taxpayer Advocate Service can't reverse a legally correct tax determination or extend the time you have to file a petition in the United States Tax Court (that time is set by law). TAS can help you resolve tax problems that you haven't been able to resolve on your own. *The best thing you can do is act now!*

## ALABAMA

**Birmingham Office**
Taxpayer Advocate Service
801 Tom Martin Drive, Room 151
Birmingham, AL 35211
(205) 912-5631

## ALASKA

**Anchorage Office**
Taxpayer Advocate Service
949 East 36th Avenue, Stop A-405
Anchorage, AK 99508
(907) 786-9777

## ARIZONA

**Phoenix Office**
Taxpayer Advocate Service
4041 N. Central Avenue,
MS-1005 PHX
Phoenix, AZ 85012
(602) 636-9500

## ARKANSAS

**Little Rock Office**
Taxpayer Advocate Service
700 West Capitol Avenue
Stop 1005 LIT
Little Rock, AR 72201
(501) 396-5978

## CALIFORNIA

**Fresno Office**
Taxpayer Advocate Service
5045 East Butler Avenue,
Stop 1394
Fresno, CA 93888
(559) 442-6400

**Laguna Niguel Office**
Taxpayer Advocate Service
24000 Avila Road, Room 3361
Laguna Niguel, CA 92677
(949) 389-4804

**Los Angeles Office**
Taxpayer Advocate Service
300 N. Los Angeles Street
Room 5109, Stop 6710
Los Angeles, CA 90012
(213) 576-3140

**Oakland Office**
Taxpayer Advocate Service
1301 Clay Street, Suite 1540-S
Oakland, CA 94612
(510) 907-5269

**Sacramento Office**
Taxpayer Advocate Service
4330 Watt Avenue, SA-5043
Sacramento, CA 95821
(916) 974-5007

**San Diego Office**
Taxpayer Advocate Service
701 B St., Ste. 902
San Diego, CA 92101
(619) 744-7156

**San Jose Office**
Taxpayer Advocate Service
55 S. Market Street, Stop 0004
San Jose, CA 95113
(408) 283-1500

## COLORADO

**Denver Office**
Taxpayer Advocate Service
1999 Broadway, Stop 1005 DEN
Denver, CO 80202
(303) 603-4600

## CONNECTICUT

**Hartford Office**
Taxpayer Advocate Service
135 High Street, Stop 219
Hartford, CT 06103
(860) 594-9100

## DELAWARE

**Newark Office**
Taxpayer Advocate Service
1352 Marrows Road, Suite 203
Newark, DE 19711
(302) 286-1654

## DISTRICT OF COLUMBIA

**Washington DC Office**
Taxpayer Advocate Service
77 K Street, NE
Suite 1500
Washington, DC 20002
(202) 803-9800

## FLORIDA

**Ft. Lauderdale Office**
Taxpayer Advocate Service
7850 SW 6th Court, Room 265
Plantation, FL 33324
(954) 423-7677

**Jacksonville Office**
Taxpayer Advocate Service
400 West Bay Street
Room 535A, MS TAS
Jacksonville, FL 32202
(904) 665-1000

**St. Petersburg Office**
Taxpayer Advocate Service
9450 Koger Blvd.,
St. Petersburg, FL 33702
(727) 318-6178

## GEORGIA

**Atlanta Office**
Taxpayer Advocate Service
401 W. Peachtree Street
Room 510, Stop 202-D
Atlanta, GA 30308
(404) 338-8099

**Atlanta Office**
Taxpayer Advocate Service
4800 Buford Highway,
Stop 29-A
Chamblee, GA 30341
(470) 539-6742

## HAWAII

**Honolulu Office**
Taxpayer Advocate Service
1099 Alakea Street, Floor 22
Mail Stop H2200
Honolulu, HI 96813
(808) 566-2950

## IDAHO

**Boise Office**
Taxpayer Advocate Service
550 West Fort Street, MS 1005
Boise, ID 83724
(208) 363-8900

## ILLINOIS

**Chicago Office**
Taxpayer Advocate Service
230 S. Dearborn Street
Room 2820, Stop-1005 CHI
Chicago, IL 60604
(312) 292-3800

## Springfield Office

Taxpayer Advocate Service
3101 Constitution Drive
Stop 1005 SPD
Springfield, IL 62704
(217) 993-6714

## INDIANA

**Indianapolis Office**
Taxpayer Advocate Service
575 N. Pennsylvania Street
Room 581 - Stop TA771
Indianapolis, IN 46204
(317) 685-7840

## IOWA

**Des Moines Office**
Taxpayer Advocate Service
210 Walnut Street
Stop 1005 DSM
Des Moines, IA 50309
(515) 564-6888

## KANSAS

**Wichita Office**
Taxpayer Advocate Service
555 N. Woodlawn Street, Bldg 4
Suite 112, MS 1005-WIC
Wichita, KS 67208
(316) 651-2100

## KENTUCKY

**Covington Office**
Taxpayer Advocate Service
201 West Rivercenter Boulevard
Stop 11G
Covington, KY 41011
(859) 669-5316

**Louisville Office**
Taxpayer Advocate Service
600 Dr. Martin Luther King Jr. Place
Room 325
Louisville, KY 40202
(502) 912-5050

## LOUISIANA

**New Orleans Office**
Taxpayer Advocate Service
1555 Poydras Street
Suite 220, Stop 2
New Orleans, LA 70112
(504) 558-3001

## MAINE

**Augusta Office**
Taxpayer Advocate Service
68 Sewall Street, Room 313
Augusta, ME 04330
(207) 480-6094

## MARYLAND

**Baltimore Office**
Taxpayer Advocate Service
31 Hopkins Plaza, Room 1134
Baltimore, MD 21201
(443) 853-6000

 IRS

## MASSACHUSETTS

**Andover Office**
Taxpayer Advocate Service
310 Lowell Street, Stop 120
Andover, MA 01810
(978) 474-5549

**Boston Office**
Taxpayer Advocate Service
15 New Sudbury Street, Room 725
Boston, MA 02203
(617) 316-2690

## MICHIGAN

**Detroit Office**
Taxpayer Advocate Service
500 Woodward
Stop 07, Suite 1221
Detroit, MI 48226
(313) 628-3670

## MINNESOTA

**St. Paul Office**
Taxpayer Advocate Service
Wells Fargo Place
30 East 7th Street
Suite 817, Stop 1005 STP
St. Paul, MN 55101
(651) 312-7999

## MISSISSIPPI

**Jackson Office**
Taxpayer Advocate Service
100 West Capitol Street, Stop 31
Jackson, MS 39269
(601) 292-4800

## MISSOURI

**Kansas City**
Taxpayer Advocate Service
333 West Pershing, S-2 Stop
1005 Kansas City, MO 64108
(816) 499-6500

**St. Louis Office**
Taxpayer Advocate Service
1222 Spruce Street
Stop 1005 STL, Room 10.314
St. Louis, MO 63103
(314) 339-1651

## MONTANA

**Helena Office**
Taxpayer Advocate Service
10 West 15th Street, Suite 2319
Helena, MT 59626
(406) 444-8668

## NEBRASKA

**Omaha Office**
Taxpayer Advocate Service
1616 Capitol Avenue, Suite 182
Stop 1005
Omaha, NE 68102
(402) 233-7272

## NEVADA

**Las Vegas Office**
Taxpayer Advocate Service
110 City Parkway, Stop 1005
Las Vegas, NV 89106
(702) 868-5179

## NEW HAMPSHIRE

**Portsmouth Office**
Taxpayer Advocate Service
Thomas J. McIntyre Federal
Building
80 Daniel Street, Room 403
Portsmouth, NH 03801
(603) 570-0605

## NEW JERSEY

**Springfield Office**
Taxpayer Advocate Service
955 South Springfield Avenue
3rd Floor
Springfield, NJ 07081
(973) 921-4043

## NEW MEXICO

**Albuquerque Office**
Taxpayer Advocate Service
5338 Montogomery Boulevard NE
Stop 1005 ALB
Albuquerque, NM 87109
(505) 837-5505

## NEW YORK

**Albany Office**
Taxpayer Advocate Service
11A Clinton Avenue, Suite 354
Albany, NY 12207
(518) 292-3001

**Brookhaven Office**
Taxpayer Advocate Service
1040 Waverly Avenue,
Stop 02
Holtsville, NY 11742
(631) 654-6686

**Brooklyn Office**
Taxpayer Advocate Service
2 Metro Tech
100 Myrtle Avenue, 7th Floor
Brooklyn, NY 11201
(718) 834-2200

**Buffalo Office**
Taxpayer Advocate Service
130 South Elmwood Ave, Room 265
Buffalo, NY 14202
(716) 961-5300

**Manhattan Office**
Taxpayer Advocate Service
290 Broadway, 5th Floor
Manhattan, NY 10007
(212) 436-1011

## NORTH CAROLINA

**Greensboro Office**
Taxpayer Advocate Service
4905 Koger Boulevard
Suite 102, MS1
Greensboro, NC 27407
(336) 574-6119

## NORTH DAKOTA

**Fargo Office**
Taxpayer Advocate Service
657 Second Avenue North
Stop 1005 FAR, Room 244
Fargo, ND 58102
(701) 237-8342

## OHIO

**Cincinnati Office**
Taxpayer Advocate Service
550 Main Street, Room 3530
Cincinnati, OH 45202
(513) 263-3260

**Cleveland Office**
Taxpayer Advocate Service
1240 East 9th Street, Room 423
Cleveland, OH 44199
(216) 415-3460

## OKLAHOMA

**Oklahoma City Office**
Taxpayer Advocate Service
55 North Robinson, Stop 1005 OKC
Oklahoma City, OK 73102
(405) 297-4055

## OREGON

**Portland Office**
Taxpayer Advocate Service
Mail Stop O-405
1220 SW 3rd Ave, Suite G004
Portland, OR 97204
(503) 265-3591

## PENNSYLVANIA

**Philadelphia City Center**
Taxpayer Advocate Service
600 Arch Street, Room 7426
Philadelphia, PA 19106
(215) 861-1290

**Philadelphia Office**
Taxpayer Advocate Service
2970 Market Street
Mail Stop 2-M20-300
Philadelphia, PA 19104
(267) 941-2427

**Pittsburgh Office**
Taxpayer Advocate Service
1000 Liberty Avenue, Room 1400
Pittsburgh, PA 15222
(412) 404-9098

## RHODE ISLAND

**Providence Office**
Taxpayer Advocate Service
380 Westminster Street, 4th Floor
Providence, RI 02903
(401) 528-1921

## SOUTH CAROLINA

**Columbia Office**
Taxpayer Advocate Service
1835 Assembly Street
Room 466, MDP-03
Columbia, SC 29201
(803) 312-7901

## SOUTH DAKOTA

**Aberdeen Office**
Taxpayer Advocate Service
115 4th Avenue Southeast
Stop 1005 ABE, Suite 413
Aberdeen, SD 57401
(605) 377-1600

## TENNESSEE

**Memphis Office**
Taxpayer Advocate Service
5333 Getwell Road, Stop 13
Memphis, TN 38118
(901) 395-1900

**Nashville Office**
Taxpayer Advocate Service
801 Broadway, Stop 22 Room 481
Nashville, TN 37203
(615) 250-5000

## TEXAS

**Austin Office**
Taxpayer Advocate Service
3651 South Interregional Highway
Stop 1005 AUSC
Austin, TX 78741
(512) 460-8300

**Dallas Office**
Taxpayer Advocate Service
1114 Commerce Street
MC 1005DAL, Room 1001
Dallas, TX 75242
(214) 413-6500

**Houston Office**
Taxpayer Advocate Service
1919 Smith Street, MC 1005 HOU
Houston, TX 77002
(713) 209-3660

## UTAH

**Ogden Office**
Taxpayer Advocate Service
1973 North Rulon White Boulevard
Stop 1005
Ogden, UT 84404
(801) 620-7168

**Salt Lake City Office**
Taxpayer Advocate Service
178 S Rio Grande St.
Stop 1005 SLC
Salt Lake City, UT 84111
(801) 799-6958

## VERMONT

**Burlington Office**
Taxpayer Advocate Service
Courthouse Plaza
128 Lakeside Ave, Ste 204
Burlington, VT 05401
(802) 859-1052

## VIRGINIA

**Richmond Office**
Taxpayer Advocate Service
400 North 8th Street
Room 916, Box 25
Richmond, VA 23219
(804) 916-3501

## WASHINGTON

**Seattle Office**
Taxpayer Advocate Service
915 2nd Avenue, Stop W-405
Seattle, WA 98174
(206) 946-3707

## WEST VIRGINIA

**Parkersburg Office**
Taxpayer Advocate Service
425 Juliana Street, Room 2019
Parkersburg, WV 26101
(304) 420-8695

## WISCONSIN

**Milwaukee Office**
Taxpayer Advocate Service
211 West Wisconsin Avenue
Room 507, Stop 1005 MIL
Milwaukee, WI 53203
(414) 231-2390

## WYOMING

**Cheyenne Office**
Taxpayer Advocate Service
5353 Yellowstone Road
Cheyenne, WY 82009
(307) 633-0800

## TAXPAYERS LIVING ABROAD OR IN U.S. TERRITORIES

**International**
Taxpayer Advocate Service
City View Plaza 48 Carr 165,
5th Floor Suite 200
Guaynabo, PR 00968
(787) 522-8600 Spanish
(787) 522-8601 English

| Form **4089-B**<br>(October 1999) | Department of the Treasury — Internal Revenue Service<br><br>**Notice of Deficiency-Waiver** | Symbols<br><br>SE:E:TS:SAA:18 |
|---|---|---|

| Name and address of taxpayer(s)<br><br>ALAN C DIXON<br>C/O Castro & Co., LLC<br>121 S Orange Avenue, 15th Floor<br>Orlando  FL  32801-3241 | Social Security or Employer Identification Number<br><br>███7587 |
|---|---|

| Kind of tax<br><br>Income | ☐ Copy to authorized representative |
|---|---|

| | **DEFICIENCY — Increase in Tax and Penalties** |
|---|---|
| Tax Year Ended: | December 31, 2015 |
| Deficiency: Increase in tax | 1,490,948.00 |
| Penalties | |
| See attached | 14,548.00 |

---

**See the attached explanation for the above deficiencies**

I consent to the immediate assessment and collection of the deficiencies (increase in tax and penalties) shown above, plus any interest provided by law.

| Your Signature | ➤ | |
|---|---|---|
| | | *(Date signed)* |
| Spouse's Signature<br>*(If A Joint Return<br>Was Filed)* | ➤ | |
| | | *(Date signed)* |
| Taxpayer's<br>Representative<br>Sign Here | ➤ | |
| | | *(Date signed)* |
| Corporate Name | ➤ | |
| Corporate Officers<br>Sign Here | ➤ | *(Signature)*          *(Title)*          *(Date signed)* |
| | ➤ | *(Signature)*          *(Title)*          *(Date signed)* |

**If you agree, please sign one copy and return it; keep the other copy for your records.**

Cat. No. 29000E                    www.irs.gov                    Form **4089-B** (10-1999)

## Instructions for Form 4089 B

**Note:**

If you consent to the assessment of the amounts shown in this waiver, please sign and return it in order to limit the accumulation of interest and expedite our bill to you. Your consent will not prevent you from filing a claim for refund (after you have paid the tax) if you later believe you are entitled to a refund. It will not prevent us from later determining, if necessary, that you owe additional tax; nor will it extend the time provided by law for either action.

If you later file a claim and the Internal Revenue Service disallows it, you may file suit for refund in a district court or in the United States Claims Court, but you may not file a petition with the United States Tax Court.

**Who Must Sign**

If this waiver is for any year(s) for which you filed a joint return, both you and your spouse must sign the original and duplicate of this form. Sign your name exactly as it appears on the return. If you are acting under power of attorney for your spouse, you may sign as agent for him or her.

For an agent or attorney acting under a power of attorney, a power of attorney must be sent with this form if not previously filed.

For a person acting in a fiduciary capacity (executor, administrator, trustee), file Form 56, Notice Concerning Fiduciary Relationship, with this form if not previously filed.

For a corporation, enter the name of the corporation followed by the signature and title of the officer(s) authorized to sign.

**Optional Paragraphs**

A check in the block to the left of a paragraph below indicates that the paragraph applies to your situation.

☐ The amount shown as the deficiency may not be billed, since all or part of the refund due has been held to offset all or a portion of the amount of the deficiency.  The amount that will be billed, if any, is shown on the attached examination report.

☐ The amount shown as a deficiency may not be billed, since the refund due will be reduced by the amount of the deficiency.  The net refund due is shown on the attached examination report.

Form **4549-A**
(Rev. March 2013)

Department of the Treasury - Internal Revenue Service

# Income Tax Examination Changes
## (Unagreed and Excepted Agreed)

Page __1__ of __2__

| Name and Address of Taxpayer | Taxpayer Identification Number | | Return Form No.: |
|---|---|---|---|
| ALAN C DIXON | | 7587 | 1040 |
| C/O Castro & Co., LLC | Person with whom examination changes were discussed. | Name and Title: | |
| 121 S Orange Avenue, 15th Floor | | ALAN C DIXON | |
| Orlando                FL   32801-3241 | | | |

| 1. Adjustments to Income | Period End 12/31/2015 | Period End | Period End |
|---|---|---|---|
| a. Sch C1 - Gross Receipts or Sales | | | |
| b. Qualified dividends | | | |
| c. Itemized Deductions | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| o. | | | |
| p. | | | |
| **2. Total Adjustments** | | | |
| 3. Taxable Income Per Return or as Previously Adjusted | | | |
| **4. Corrected Taxable Income**<br>        Tax Method<br>        Filing Status | | | |
| **5. Tax**   (See attached schedule) | | | |
| **6. Additional Taxes / Alternative Minimum** | | | |
| 7. Corrected Tax Liability | | | |
| **8. Less**   a. Foreign Tax Credit<br> **Credits**   b.<br>            c.<br>            d. | | | |
| **9. Balance** (Line 7 less total of Lines 8a thru 8d) | | | |
| 10. Plus<br>Other<br>Taxes   a. Net Investment Income Tax<br>          b. Tax on Prior Year Credit<br>          c.<br>          d. | | | |
| 11. Total Corrected Tax Liability (Line 9 plus Lines 10a thru 10d) | | | |
| 12. Total Tax Shown on Return or as Previously Adjusted | | | |
| 13. Adjustments to: a.<br>                b.<br>                c. | | | |
| 14. Deficiency-Increase in Tax or (Overassessment - Decrease in Tax)<br>(Line 11 less Line 12 adjusted by Lines 13a through 13c) | 1,490,948.00 | | |
| 15. Adjustments to Prepayment Credits-Increase (Decrease) | | | |
| **16. Balance Due or (Overpayment)** - (Line 14 adjusted by Line 15)<br>(Excluding interest and penalties) | 1,490,948.00 | | |

Catalog Number 23110T

www.irs.gov

Form **4549-A** (Rev. 3-2013)

| Form **4549-A** (Rev. March 2013) | **Income Tax Examination Changes** (Unagreed and Excepted Agreed) | | | Page __2__ of __2__ |
|---|---|---|---|---|

| Name of Taxpayer<br>ALAN C DIXON | Taxpayer Identification Number<br>██████ 7587 | | Return Form No.:<br>1040 |
|---|---|---|---|

| **17. Penalties/ Code Sections** | **Period End**<br>12/31/2015 | **Period End** | **Period End** |
|---|---|---|---|
| a. Manually Computed Penalties | ███████ | | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| **18. Total Penalties** | ███████ | | |
| Underpayment attributable to negligence: *(1981-1987)* A tax addition of 50 percent of the interest due on the underpayment will accrue until it is paid or assessed. | | | |
| Underpayment attributable to fraud: *(1981-1987)* A tax addition of 50 percent of the interest due on the underpayment will accrue until it is paid or assessed. | | | |
| Underpayment attributable to Tax Motivated Transactions *(TMT)*. Interest will accrue and be assessed at 120% of underpayment rate in accordance with IRC 6621(c). | 0.00 | | |

| **19. Summary of Taxes, Penalties and Interest:** | | | |
|---|---|---|---|
| a. Balance due or *(Overpayment)* Taxes - *(Line 16, Page 1)* | 1,490,948.00 | | |
| b. Penalties *(Line 18)* - computed to 04/23/2019 | 14,548.00 | | |
| c. Interest *(IRC § 6601)* - computed to 05/23/2019 | 223,103.31 | | |
| d. TMT Interest - computed to 05/23/2019 *(on TMT underpayment)* | 0.00 | | |
| e. Amount due or refund - *(sum of Lines a, b, c and d)* | 1,728,599.31 | | |

**Other Information:**

On Form 8833 attached to your return, you claimed that your Australian superannuation fund is exclusively taxable in Australia under Article 18, para 2, of the U.S.-Australia Tax Treaty, (Treaty). Para 2 of Article 18 provides that "Social Security payments and other public pensions paid by one of the Contracting States to an individual who is a resident of the other Contracting State or a citizen of the United States shall be taxable only in the first-mentioned State." You have neither identified nor substantiated any Social Security or other public pension payments that you receivecd from Australia during tax year 2015. Accordingly, you did not receive any payments that may be eligible for a benifit under Article 18 of the Treaty.

| Examiner's Signature:<br>Name<br>Patrice A. Sadowski | Employee ID:<br>0210023 | Office:<br>Springfield, NJ | Date:<br>04/23/2019 |
|---|---|---|---|

The Internal Revenue Service has agreements with state tax agencies under which information about federal tax, including increases or decreases, is exchanged with the states. If this change affects the amount of your state income tax, you should amend your state return by filing the necessary forms.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income you earned and do not pay the required tax. The IRS may order backup withholding *(withholding of a percentage of your dividend and/or interest payments)* if the tax remains unpaid after it has been assessed and four notices have been issued to you over a 120-day period.

| Form **886-A** (May 2017) | Department of the Treasury - Internal Revenue Service **Explanation of Items** | | Schedule number or exhibit |
|---|---|---|---|
| Name of taxpayer ALAN C DIXON | | Tax Identification Number *(last 4 digits)* 7587 | Year/Period ended |

Taxes (Form 4549 series Line 5 or Form 5278 Line 11):

Tax (regular tax before credits)

Section 1291



Total Taxes:

Other Taxes (Form 4549 series Line 10 or Form 5278 Line 17):

Page 1 of 1

| Form **5278** (Rev. June 2011) | **Statement - Income Tax Changes** | Schedule |
|---|---|---|

| **1. Name(s) of taxpayer(s)** ALAN C DIXON | **2.** ☐ Notice of Deficiency ☐ Other ☐ Settlement Computation |
|---|---|

| **3. Taxpayer Identification Number** ███ 7587 | **4. Form number** 1040 | **5. Docket number** | **6. Office symbols** SE:E:TS:SAA:18 |
|---|---|---|---|

| | | Tax Year(s) Ended | | |
|---|---|---|---|---|
| **7. Adjustments to Income** | **Year:** 12/31/2015 | | | |
| a. Sch C1 - Gross Receipts or Sales | ███ | | | |
| b. Qualified dividends | | | | |
| c. Itemized Deductions | | | | |
| d. | | | | |
| e. | | | | |
| f. | | | | |
| g. | | | | |
| h. | | | | |
| **8. Total adjustments** | ███ | | | |
| **9. Taxable income as shown in** ☐ Preliminary letter dated ___ ☐ Notice of deficiency dated ___ ☐ Return as filed | ███ | | | |
| **10. Taxable income as revised** | | | | |
| **11. Tax**          (See attached schedule) Tax Method ___ Filing Status ___ | ███ | | | |
| **12. Alternative tax, if applicable** | | | | |
| **13. Alternative minimum tax** *(Starting in tax year 2000)* | | | | |
| **14. Corrected tax liability** - *(lesser of line 11 or 12 plus line 13)* | ███ | | | |
| **15. Less credits** | a. Foreign Tax Credit | ███ | | |
| | b. | | | |
| | c. | | | |
| **16. Balance** - *(line 14 less total of lines 15a - 15c)* | ███ | | | |
| **17. Plus other taxes** | a. Net Investment Income Tax | ███ | | |
| | b. Tax on Prior Year Credit | | | |
| | c. | | | |
| **18. Total corrected tax liability** - *(line 16 plus lines 17a - 17c)* | ███ | | | |
| **19. Total tax shown on return or as previously adjusted** | ███ | | | |
| **20. Adjustments: increase or (decrease) to:** | a. | | | |
| | b. | | | |
| | c. | | | |
| **21. Deficiency - Increase in tax** *(overassessment - decrease in tax) (line 18 less line 19 adjusted by lines 20a - 20c)* | 1,490,948.00 | | | |
| **22. Adjustments to prepayment credits - Increase** *(decrease)* | | | | |
| **23. Balance due or *(Overpayment)*** excluding interest and penalties *(line 21 adjusted by line 22)* | 1,490,948.00 | | | |
| **24. Penalties and/or Additions to Tax** *(listed below)* Manually Computed Penalties | 14,548.00 | | | |

| Form **886-A**<br>(May 2017) | Department of the Treasury - Internal Revenue Service<br># Explanation of Items | Schedule number or<br>exhibit |
|---|---|---|
| Name of taxpayer<br>ALAN C DIXON | Tax Identification Number *(last 4 digits)*<br>7587 | Year/Period ended |

Taxes (Form 4549 series Line 5 or Form 5278 Line 11):

Tax (regular tax before credits)

Section 1291



Total Taxes:

Other Taxes (Form 4549 series Line 10 or Form 5278 Line 17):

| Name of Taxpayer: | ALAN C DIXON | | 04/23/2019 |
| Identification Number: | 7587 | Total | 20.00.00 |

### 2015 - Form 6251 - Alternative Minimum Tax Computation

1. If filing Schedule A, enter taxable income before exemptions;
   otherwise, enter adjusted gross income
2. Total adjustment and preferences (excluding any NOL deduction)
3. Net operating loss deduction
4. Alternative tax net operating loss deduction
5. Alternative minimum taxable income (combine lines 1 thru 4)
6. Exemption amount
7. Subtract line 6 from line 5 (if zero or less, enter zero)
8. If capital gains are reported, use the amount from line 29 of the continuation page
   (If FEIT worksheet for AMT is used, enter amount from line 6 of that worksheet instead)
   All others, multiply line 7 by 28% and subtract $ 3,708 from the result
9. Alternative minimum tax foreign tax credit
10. Tentative minimum tax (line 8 less line 9)
11. Regular tax less foreign tax credit plus excess advance premium tax credit repayment
    (if Schedule J was used to figure tax, use the refigured
    amount for line 44 of Form 1040 without using Schedule J)
12. Alternative minimum tax


Exemption Worksheet (line 6 above)

A. Exemption amount based on filing status
B. Alternative minimum taxable income
C. Enter amount based on filing status
D. Subtract line C from line B
E. Multiply line D by 25%
F. Subtract line E from line A (if zero or less, enter zero)

| Name of Taxpayer: | ALAN C DIXON | | 04/23/2019 |
|---|---|---|---|
| Identification Number: | 7587 | Total | 20.00.00 |

## 2015 - Form 6251 - Continuation, Tax Computation Using Maximum Capital Gain Rates

1. Amount from Form 6251 report, line 7
   (If FEIT worksheet for AMT was used, enter amount from line 3 of that worksheet instead)
2. Amount from line 6 Qualified Dividends and Capital Gain Tax Worksheet
   or line 13 Schedule D Tax Worksheet (refigured for AMT)
3. Amount from Schedule D line 19 (refigured for AMT)
4. Amount from line 2 if no Schedule D worksheet; otherwise, the smaller of
   the sum of line 2 and line 3 or Schedule D worksheet line 10 (refigured for AMT)
5. Smaller of line 1 or line 4
6. Subtract line 5 from line 1
7. Multiply line 6 by 28% and subtract $ 3,708 from the result
8. Enter amount based on filing status
9. Amount from line 7 Qualified Dividends and Capital Gain Tax Worksheet or amount from
   line 14 Schedule D Tax Worksheet, whatever applies (as figured for regular tax).
   If neither worksheet applies, use taxable income (but not less than zero).
   If Form 2555 was filed, see instructions
10. Subtract line 9 from line 8 (if zero or less, enter zero)
11. Smaller of line 1 or line 2
12. Smaller of line 10 or line 11; This amount is taxed at 0%.
13. Subtract line 12 from line 11
14. Enter amount based on filing status
15. Amount from line 10
16. Amount from line 7 Qualified Dividends and Capital Gain Tax Worksheet or amount from
    line 19 Schedule D Tax Worksheet, whatever applies (as figured for regular tax).
    If neither worksheet applies, use taxable income (but not less than zero).
    If Form 2555 was filed, see instructions
17. Add lines 15 and 16
18. Subtract line 17 from line 14 (if zero or less, enter zero)
19. Smaller of line 13 or line 18
20. Multiply line 19 by 15%
21. Add lines 12 and 19
22. Subtract line 21 from line 11
23. Multiply line 22 by 20%
24. Add lines 6, 21, and 22
25. Subtract line 24 from line 1
26. Multiply line 25 by 25%
27. Total of lines 7, 20, 23, and 26
28. Multiply line 1 by 28% and subtract $ 3,708 from the result
29. Smaller of line 27 or line 28. Enter here and on line 8 of Form 6251 report

| Name of Taxpayer: | ALAN C DIXON | | 04/23/2019 |
| Identification Number: | ▮7587 | Total | 20.00.00 |

### 2015 - Form 8960 - Net Investment Income Tax

1. Total investment income as filed
2. Adjustments to total investment income
3. Total investment income (combine lines 1 and 2)

4. Total deductions and modifications as filed
5. Adjustments to total deductions and modifications
6. Total deductions and modifications (combine lines 4 and 5; no less than  0.00)

7. Net investment income (subtract line 6 from line 3; no less than  0.00)
8. Modified adjusted gross income
9. Threshold based on filing status
10. Subtract line 9 from line 8 (no less than  0.00)
11. Smaller of line 7 or line 10
12. Net investment income tax (multiply line 11 by .038)



| Name of Taxpayer: | ALAN C DIXON | | 04/23/2019 |
| Identification Number: | 7587 | Total | 20.00.00 |

## 2015 - Qualified Dividends and Capital Gain Tax Worksheet

1. Enter the taxable income from Form 1040, line 43, or the amount from
   Foreign Earned Income Tax Worksheet, line 3, if filing Form 2555 or 2555-EZ
2. Enter the qualified dividends from Form 1040, line 9b
3. If filing Schedule D, enter the smaller line 15 or line 16 of Schedule D, but do not enter
   less than -0-. Otherwise, enter the amount from Form 1040, line 13
4. Add lines 2 and 3
5. If filing Form 4952, enter the amount, if any, from line 4g of Form 4952. Otherwise, enter -0-
6. Subtract line 5 from line 4. If zero or less, enter -0-
7. Subtract line 6 from line 1. If zero or less, enter -0-
8. Enter:
   $ 37,450 if single or married filing separately;
   $ 74,900 if married filing jointly or qualifying widow(er); or
   $ 50,200 if head of household
9. Enter the smaller of line 1 or line 8
10. Enter the smaller of line 7 or line 9
11. Subtract line 10 from line 9. This amount is taxed at 0%
12. Enter the smaller of line 1 or line 6
13. Enter the amount from line 11
14. Subtract line 13 from line 12
15. Enter:
   $ 413,200 if single;
   $ 232,425 if married filing separately;
   $ 464,850 if married filing jointly or qualifying widow(er); or
   $ 439,000 if head of household
16. Enter the smaller of line 1 or line 15
17. Add lines 7 and 11
18. Subtract line 17 from line 16. If zero or less, enter -0-
19. Enter the smaller of line 14 or line 18
20. Multiply line 19 by 15% (.15)
21. Add lines 11 and 19
22. Subtract line 21 from line 12
23. Multiply line 22 by 20% (.20)
24. Figure the tax on the amount on line 7. If the amount on line 7 is less than $100,000,
    use the Tax Table to figure this tax. If the amount on line 7 is $100,000 or more,
    use the Tax Computation Worksheet
25. Add lines 20, 23, and 24
26. Figure the tax on the amount on line 1. If the amount on line 1 is less than $100,000,
    use the Tax Table to figure this tax. If the amount on line 1 is $100,000 or more,
    use the Tax Computation Worksheet
27. Tax on all taxable income. Enter the smaller of line 25 or line 26
    Also include this amount on Form 1040, line 44, or
    Foreign Earned Income Tax Worksheet, line 4, if applicable

Name of Taxpayer:   ALAN C DIXON                                    04/23/2019
Identification Number:      7587          Total                      20.00.00

2015  - PERSONAL EXEMPTION WORKSHEET

1. Multiply $4,000 by the total number of exemptions claimed
2. Adjusted gross income
3. Limitation based on filing status
   NOTE: If line 2 is not greater than line 3, STOP;
   enter amount from line 1 on line 8 below
4. Subtract line 3 from line 2
   If line 4 is less than zero or more than $122,500 ($61,250 if married filing separately),
   then STOP; enter 0.00 on line 8
5. Divide line 4 by $2,500 ($1,250 if married filing separately)
   (If result is not a whole number, increase to next whole number)
6. Multiply line 5 by 2% and enter the result as a decimal
7. Multiply line 1 by line 6
8. Deduction for exemptions
   (subtract line 7 from line 1; or amount from line 1 or 0.00, if applicable)



| Name of Taxpayer: | ALAN C DIXON | | 04/23/2019 |
|---|---|---|---|
| Identification Number: | ▇▇▇7587 | Total | 20.00.00 |

## HOW TO PAY YOUR TAXES

If you agree with the adjustments and balance due on Form 4549 – Income Tax Changes, please return a signed copy including pages 1 and 2. The enclosed report does not reflect any balance currently due on your account.

You have payment options for your tax liability. Please note that interest and applicable penalties will accrue until your balance is paid in full. Paying now will decrease or stop future interest charges and prevent assessment of failure to pay penalties.

Payment options include the following:

- Pay now by including a check or money order payable to the United States Treasury with your signed copy of Form 4549.
- Download the IRS2Go Mobile App and make a payment whenever you like from your mobile device. (Processing fees may apply.)
- If you can pay the full amount within 120 days, return the signed agreement now and submit the balance due when you receive the bill.

Additional payment options are available by visiting www.IRS.gov/payments:

- Apply for a payment plan. (Fees may apply.) You may also apply by completing the section below, "Payment Plan Request."
- Pay online via a checking/savings account.
- Locate retail partners for cash payments. (Processing fees apply.)
- Pay by credit card. (Processing fees apply.)

Payment Plan Request

Submit your written request or check the box below and return this flyer with your signed agreement.

[ ] I would like to pay $ _____ per month. (Make your payments as large as possible to limit penalty and interest.)

I would like my payment to be due on the _____ of the month. (Please indicate a date between the 1st and 28th of the month.)

You will be charged a fee if your request is approved. DO NOT include the fee with this flyer. We will send you a bill for the fee when we approve your request.

Please provide a telephone number where we can contact you regarding your request.

Home: (   ) _____

Work: (   ) _____

| Name of Taxpayer: | ALAN C DIXON | | 04/23/2019 |
| Identification Number: | 7587 | Total | 20.00.00 |

## 2015 - SCHEDULE A - ITEMIZED DEDUCTIONS

| | PER RETURN | PER EXAM | ADJUSTMENT |
|---|---|---|---|
| 1. Medical, dental and insurance premiums | 0.00 | 0.00 | 0.00 |
| 2. 10.0% of adjusted gross income | ▓▓▓ | ▓▓▓ | ▓▓▓ |
| 3. Net medical and dental expenses | 0.00 | 0.00 | 0.00 |
| 4. Taxes | ▓▓▓ | ▓▓▓ | ▓▓▓ |
| 5. Home interest expense | 0.00 | 0.00 | 0.00 |
| 6. Qualified mortgage insurance premiums | 0.00 | 0.00 | 0.00 |
| 7. Investment interest | 0.00 | 0.00 | 0.00 |
| 8. Other interest expense | 0.00 | 0.00 | 0.00 |
| 9. Total interest expense | 0.00 | 0.00 | 0.00 |
| 10. Contributions | 0.00 | 0.00 | 0.00 |
| 11. Casualty and theft losses | 0.00 | 0.00 | 0.00 |
| 12. Miscellaneous deductions | 0.00 | 0.00 | 0.00 |
| 13. 2% of adjusted gross income | ▓▓▓ | ▓▓▓ | |
| 14. Excess miscellaneous deductions | 0.00 | 0.00 | 0.00 |
| 15. Other miscellaneous deductions | 0.00 | 0.00 | 0.00 |
| 16. Total itemized deductions (Sum of lines 3, 4, 9, 10, 11, 14, and 15 less any applicable limitation) | ▓▓▓ | ▓▓▓ | |

## ITEMIZED DEDUCTIONS WORKSHEET - PER EXAM

A  Total of lines 3, 4, 9, 10, 11, 14, and 15 above

B  Total of lines 3, 7, and 11, (plus any gambling
   and casualty or theft losses on line 15 above)

C  Line A less line B

D  Multiply the amount on line C by 80%

E  Adjusted gross income

F  Itemized deduction limitation based on filing status

G  Line E less line F

H  Multiply the amount on line G by 3%

I  Enter the smaller of line D or line H

J  Total itemized deductions
   (Line A less line I, entered on
   line 16 per exam column above)



| Form **886-A**<br>(Rev. January<br>1994)886-A | **EXPLANATION OF ITEMS** | Schedule number or exhibit |
|---|---|---|
| Name of Taxpayer<br><br>ALAN C DIXON | Taxpayer Identification Number<br><br>█████ 7587 | Year/Period Ended<br><br>2015 |

**Manually Computed Penalty**

Year: 2015
Penalty Name: IRC 6662(d)
Penalty Amount: $14,548.00

**Substantial understatement penalty added**

It is determined that all of the underpayment of tax is a substantial understatement of income tax, since the resulting understatement of tax exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000 ($10,000 if a corporation). Consequently, there is added to the tax an amount equal to 20 percent of such underpayment of tax pursuant to Section 6662 of the Internal Revenue Code.

**Negligence penalty**

All or part of the underpayment to tax is due to negligence or disregard of rules and regulations. Negligence is defined as a failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code or to exercise ordinary and reasonable care in the preparation of a tax return. Negligence also includes a failure to keep proper books and records or to properly substantiate claimed items. Disregard of rules and regulations is the taxpayer's careless, reckless, or intentional failure to follow the appropriate law in completing the return, and reflects a disregard of the IRC, temporary or final regulations, revenue rulings, or IRS notices. Consequently, there is added to the tax an amount equal to 20 percent of the underpayment, as provided by IRC 6662.

| Form **886-A**<br>(May 2017) | Department of the Treasury - Internal Revenue Service<br># Explanation of Items | Schedule number or<br>exhibit |
|---|---|---|
| Name of taxpayer<br><br>ALAN C DIXON | Tax Identification Number *(last 4 digits)*<br><br>7587 | Year/Period ended<br><br>2015 |

## Sch C1 - Gross Receipts or Sales

| Tax Period<br>2015 | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| | ▮ | ▮ | ▮ |

It has been determined that DAG is a foreign corporation. Therefore, income from DAG is a dividend. The Schedule C has been eliminated.

1. On Form 8833 attached to your return, you claim that your Australian superannuation fund is exclusively taxable in Australia under Article 18, para. 2, of the U.S.-Australia Income Tax Treaty (Treaty). Para. 2 of Article 18 provides that "Social security payments and other public pensions paid by one of the Contracting States to an individual who is a resident of the other Contracting State or a citizen of the United States shall be taxable only in the first-mentioned State." You have neither identified nor substantiated any social security or other public pension payments that you received from Australia during tax year 2015. Accordingly, you did not receive any payments that may be eligible for a benefit under Article 18 of the Treaty.

2. Amount on Line 19a Balance Due is increase in tax and does not reflect your estimated tax payments.

Treas. Reg. §1.6662-4(a) - Substantial Understatement Penalty

If any portion of an underpayment of any income tax imposed under the Code that is required to be shown on a return is attributable to a substantial understatement of such income tax, there is added to the tax an amount equal to 20% of such portion.

Understatement

Per Treas. Reg. §1.6662-4(b)(2) an understatement is the excess of the amount of the following:
a) The tax required to be shown on the return, over
b) The amount of tax imposed, which is shown on the return, reduced by any rebate.
In the present case the tax required to be shown on the return is ▮ (see Form 4549, line 11), and the amount of tax imposed, which is shown on the return is ▮ (see Form 4549, line 12 / 2015 Form 1040, Line 63). Taxpayer did not receive any rebates (see workpaper # 300-2.1). Thus, the understatement is equal to $1,490,948 ▮

Per IRC § 6662(d) an understatement is substantial if it exceeds the greater of the following:
a) 10 percent of the tax required to be shown on the return for a taxable year; or
b) $5,000.
In the present case the tax required to be shown on the return is ▮ (see Form 4549, line 11), and 10 percent of this amount is equal to ▮ The understatement of ▮ exceeds 10 percent of the tax required to be shown on the return (▮). Therefore, the understatement is substantial.

Underpayment

Per Treas. Reg. §1.6664-2 an underpayment is equal to:
a)      Corrected Tax or "amount of income tax imposed" (total corrected tax liability minus refundable credits as corrected); LESS
b)      Tax shown on the return by the taxpayer (minus refundable credits claimed, but not less than zero, except that the result is then reduced by any excess prepayment credits claimed); LESS
c)      Any amounts not so shown previously assessed (or collected without assessment) (held refund in excess of overstated refundable credits plus any understated prepayment credits); PLUS
d)      Rebates.

| Catalog Number 20810W | Page ____ | www.irs.gov | Form **886-A** (Rev. 5-2017) |
|---|---|---|---|

| Form **886-A** (May 2017) | Department of the Treasury - Internal Revenue Service **Explanation of Items** | | Schedule number or exhibit |
|---|---|---|---|
| Name of taxpayer ALAN C DIXON | | Tax Identification Number *(last 4 digits)* 7587 | Year/Period ended 2015 |

Corrected Tax ▮▮▮▮
Less: Tax Shown on the Return ($▮▮▮▮▮)
Less: Any amounts not so shown previously assessed   ($1,418,208)
Plus: Rebates  $0
Total:   $72,740

The amount of substantial understatement penalty is $14,548 (20 percent of underpayment in the amount of $72,740).

Substantial Understatement Penalty exceptions are:

1.     Substantial Authority (Treas. Reg. 1.6662-4(d)(3));
2.     Adequate Disclosure (Treas. Reg. 1.6662-4(f)(2) & (Treas. Reg. 1.6662-3(b)(3));
3.     Reasonable Cause (Treas. Reg. 1.6664-4).

Substantial authority is objective standard involving an analysis of the law and application of the law to relevant facts. (Treas. Reg. § 1.6662-4(d)(2)). There is substantial authority for the tax treatment of an item only if the weight of the authorities supporting the treatment is substantial in relation to the weight of authorities supporting contrary treatment. (Treas. Reg. § 1.6662-4(d)(3)). Examples of substantial authority include:
"       The conclusion of a ruling or a determination letter issued to the taxpayer;
"       The conclusion of a technical advice memorandum in which the taxpayer is named; or
"       An affirmative statement in a Revenue Agent's report with respect to a prior taxable year of the taxpayer.
In the present case Taxpayer relied on conclusion reached by enrolled agent Castro (Preparer). Preparer's opinion does not constitute substantial authority.

If adequate disclosure is met, the tax attributable to the disclosed item or return positions is not included in the calculation of the understatement for penalty purposes. (Treas. Reg. § 1.6662-4(e)(1)). This rule does not apply when the item or position on the return:
1) does not have a reasonable basis (as defined in Treas. Reg. § 1.6662-3(b)(3));
2) is attributable to a tax shelter (as defined in IRC § 6662(d)(2)(C)(iii) and Treas. Reg. § 1.6662-4(g)(2); or
3) is not properly substantiated, or the taxpayer failed to keep adequate books and records with respect to the item or positions.
In the present case adequate disclosure exception does not apply. Taxpayer's positions do not have reasonable basis. Taxpayer stated that Treasury promulgated Regulation 301.7701-3 "without statutory grounds." (see Workpaper # 300-2) Further, Taxpayer stated that default classification rule of Regulation 301.7701-3 "does not make any sense, and the IRS has gone unchecked for far too long." In addition, Taxpayer failed to properly substantiate foreign tax credit and deduction for state income tax paid.

In determination of validity of reasonable cause exception all facts and circumstances establishing whether or not the taxpayer reasonably relied in good faith on advice must be considered (Treas. Reg. § 1.6664-4(b)). In the present case agent considered the following factors:

"       Taxpayer's education, sophistication, and business experience -

Taxpayer is the Managing Director and CEO of Evans Dixon, an asset manager and financial advisory firm established in February 2017 through the merger of Evans & Partners and Dixon Advisory. Evans Dixon has over $20 billion of assets under management or advice. Taxpayer also oversees the firm's senior leaders and influences the strategic initiatives of more than 600 professionals working with clients in Sydney, Melbourne, Brisbane, Canberra, Jersey City and New York City. He is also Managing Director and CEO of Dixon Advisory USA, a leader in the US urban single-family home rental business. Taxpayer joined Dixon Advisory in January 2001. Prior to joining Dixon Advisory, Taxpayer worked in Chartered Accountancy and Investment Banking roles in Australia. Taxpayer holds a Bachelor of Commerce from the Australian National University and is a member of the Institute of Chartered Accountants in Australia. He is also an SMSF (Self-Managed Superannuation Fund) Professionals' Association of Australia (SPAA) Accredited SMSF Specialist Advisor (see Workpaper # 300-3);

| Form **886-A**<br>(May 2017) | Department of the Treasury - Internal Revenue Service<br># Explanation of Items | Schedule number or exhibit |
|---|---|---|
| Name of taxpayer<br><br>ALAN C DIXON | Tax Identification Number *(last 4 digits)*<br><br>7587 | Year/Period ended<br><br>2015 |

"     Whether or not advice is based on unreasonable factual or legal assumptions or assumptions of future events -

Preparer's advice that Treasury promulgated Regulation 301.7701-3 "without statutory grounds," and default classification rule of Regulation 301.7701-3 "does not make any sense" is based on unreasonable legal assumption;

"     Whether or not advice given relies on representations, statements, findings, or agreements the taxpayer knows or has reason to know are inaccurate -

Taxpayer's U.S. filing history started in 2013 when he filed Form 1040 for tax year 2012 (received on December 13, 2013). Taxpayer filed Form 1040 for tax years 2013 and 2014 on October 23, 2014 and October 13, 2015, respectively. The returns for tax years 2013 and 2014 were prepared by Price Waterhouse Coopers. On the returns Taxpayer reported income received from Dixon Advisory Group Proprietary Limited (Dixon PL) as qualified dividends, which was consistent with classification of Dixon PL as a foreign corporation. Taxpayer was a shareholder of Dixon PL. Dixon PL paid income tax in Australia, but Taxpayer did not claim indirect foreign tax credit on the returns. Price Waterhouse Coopers correctly applied default classification of Regulation 301.7701-3 determining that Dixon PL is a foreign corporation for US tax purpose, reported income from Dixon PL as dividends, and concluded that Taxpayer is not allowed to claim foreign tax credit for income tax paid by Dixon PL. In early 2016 Taxpayer reached out to Preparer. On June 12, 2016 Taxpayer filed Form 1040 for tax year 2015, which was based on Preparer's advice. On the return income from Dixon PL was reported on Schedule C as "passive income not subject to self-employment tax." Taxpayer claimed a foreign tax credit in the amount of $2,338,267, which was mostly attributable to income tax paid by Dixon PL. State and local income tax was withheld in the amount of $64,274, and Taxpayer claimed state income tax deduction in the amount of $705,874. Taxpayer, a member of the Institute of Chartered Accountants in Australia, should have known that:
"     Preparer's claim that Treasury promulgated Regulation 301.7701-3 "without statutory grounds" is based on unreasonable legal assumptions;
"     There is no such accounting standard to justify reporting "passive income not subject to self-employment tax" on Schedule C, and
"     Claiming state income tax deduction, which is almost 11 times higher than actual state income tax paid is unreasonable.

Taking into consideration Taxpayer's business background and knowledge of accountancy, Agent does not find that in effort to assess his proper tax liability Taxpayer reasonably relied in good faith on advice of Preparer.

Alternative Penalty Position

IRC § 6662(a) provides for a 20% penalty on underpayment due to negligence or disregard of rules or regulations.

Negligence is:

"     Failure to make a reasonable attempt to comply with the provisions of the tax law;
"     Failure to exercise ordinary and reasonable care in tax return preparation;
"     Failure to keep adequate books and records;
"     Failure to make a reasonable attempt to ascertain the correctness of a reported item, which would seem to a reasonable and prudent person to be "too good to be true";

In the present case indicators of negligence are:

"     Significantly overstated FTC and deduction for state and local income tax;
"     Improper FTC;
"     Exaggerated deduction for state and local income tax;
"     Unexplained deduction for state and local income tax;

| Form **886-A**<br>(May 2017) | Department of the Treasury - Internal Revenue Service<br># Explanation of Items | | Schedule number or<br>exhibit |
|---|---|---|---|
| Name of taxpayer<br><br>ALAN C DIXON | Tax Identification Number *(last 4 digits)*<br><br>7587 | | Year/Period ended<br><br>2015 |

"      A foreign entity was miscategorized for US tax purpose in a manner to create nonexistent right to claim indirect FTC.

Disregard of the Rules or Regulations

Careless, reckless or intentional disregard of rules or regulations, per Treas. Reg. §1.6662-3(b)(2), includes disregard of:
o        Internal Revenue Code,
o        Temporary or final Treasury regulations,
o        Revenue rulings,
o        Notices.

In the present case disregard of regulation is intentional because Taxpayer knows of Regulation 301.7701-3 and ignores it.

Negligence Penalty exceptions are:

1.        Reasonable Basis (Treas. Reg. 1.6662-3(b)(3))
2.        Reasonable Cause and Good Faith (Treas. Reg. 1.6664-4)

Reasonable Cause and Good Faith exception was addressed above.

Reasonable basis standard is relatively high, and generally satisfied if the return position is based on one or more of the authorities (Treas. Reg. § 1.6662-4(d)(3)(iii)). The authorities for the tax treatment of an item:
"        Applicable provisions of the Internal Revenue Code and other statutory provisions;
"        Proposed, temporary and final regulations construing such statutes;
"        Revenue rulings and revenue procedures;
"        Tax treaties and regulations thereunder, and Treasury Department and other official explanations of such treaties;
"        Court cases;
"        Congressional intent as reflected in committee reports, joint explanatory statements of managers included in conference committee reports, and floor statements made prior to enactment by one of a bill's managers;
"        General Explanations of tax legislation prepared by the Joint Committee on Taxation (the Blue Book);
"        Private letter rulings and technical advice memoranda issued after October 31, 1976;
"        Actions on decisions and general counsel memoranda issued after March 12, 1981 (as well as general counsel memoranda published in pre-1955 volumes of the Cumulative Bulletin);
"        Internal Revenue Service information or press releases; and
"        Notices, announcements and other administrative pronouncements published by the Service in the Internal Revenue Bulletin.

Reasonable basis standard is not met in the case. Taxpayer does not rely in a good faith on one or more of the authorities. Taxpayer argues that the default entity classification Regulation 301.7701-3 is not valid and ignores it. Taxpayer mentioned Article 23 of the U.S. - Australia Income Tax Treaty. However, Taxpayer failed to explain how provisions of the article apply in his case. The article provides that citizens of Australia who are residents of the United States shall not be taxed less favorably in the United States than resident citizens of the United States who are in the same circumstances. Taxpayer is not treated less favorably than any citizen of the United States who owns interest in an Australian proprietary limited company.

| Form **886-A**<br>(May 2017) | Department of the Treasury - Internal Revenue Service<br># Explanation of Items | Schedule number or<br>exhibit |
|---|---|---|
| Name of taxpayer | Tax Identification Number *(last 4 digits)* | Year/Period ended |
| ALAN C DIXON | 7587 | 2015 |

## State and Local Income Taxes

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 2015 | $705,874.00 | $64,274.00 | $641,600.00 |

We have disallowed the amount shown on your return because you did not furnish information needed to support the claimed deduction.

1. On Form 8833 attached to your return, you claim that your Australian superannuation fund is exclusively taxable in Australia under Article 18, para. 2, of the U.S.-Australia Income Tax Treaty (Treaty). Para. 2 of Article 18 provides that "Social security payments and other public pensions paid by one of the Contracting States to an individual who is a resident of the other Contracting State or a citizen of the United States shall be taxable only in the first-mentioned State." You have neither identified nor substantiated any social security or other public pension payments that you received from Australia during tax year 2015. Accordingly, you did not receive any payments that may be eligible for a benefit under Article 18 of the Treaty.
2. Amount on Line 19a Balance Due is increase in tax and does not reflect your estimated tax payment

## Foreign Tax Credit

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 2015 | $2,338,267.00 | $0.00 | $2,338,267.00 |

It has been determined that DAG is a foreign corporation. Taxpayer, an individual, is not allowed to claim foreign tax credit for taxes paid by DAG in Australia. IRC section 902 only allows a domestic corporation to claim indirect credits - a US individual is not allowed to claim foreign tax credits for taxes paid by a foreign corporation.

## Qualified Dividends

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 2015 | $59,638.00 | $6,587,050.00 | $6,527,412.00 |

It has been determined that DAG is a foreign corporation. Thus, income from DAG is a dividend. DAG is a qualified foreign corporation because it is eligible for benefits of income tax treaty between the United States and Australia, which includes an exchange of information program. Therefore, dividends from DAG are qualified dividends.