LOFARO & REISER, L.L.P.
(Glenn R. Reiser (NJ Bar 021481990)
20 Court Street, STE 4
Hackensack, New Jersey 07601
Tel: (201) 498-0400
Fax: (201) 498-0016
Email: greiser@new-jerseylawyers.com
Attorneys for Petitioner

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALAN C. DIXON,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No.:<br><br>Civil Action<br><br><br><br>**DECLARATION OF<br>JOHN ANTHONY CASTRO** |

**JONATHAN ANTHONY CASTRO**, pursuant to 28 U.S.C. §1746, hereby declares as follows:

1. I am licensed with the United States Department of Treasury as an Enrolled Agent, which authorizes me to practice federal tax law in all 50 states as well as in the 68 countries with which the United States has income and estate tax treaties.

2. I submit this Declaration based on facts within my personal knowledge, and to support the Verified Petition of Alan C. Dixon ("Dixon" or "Petitioner") to quash the Formal Document Request ("FDR") issued by the United States of America, Department of Treasury, Internal Revenue Service ("IRS") on or about March 25, 2019.

3. I am the managing member of Castro & Co., LLC and completed Mr. Dixon's amended returns for 2012 – 2014 and original returns for 2015 – 2018.

4. I am the person that represented Mr. Dixon in the IRS' examination of Mr. Dixon's returns during the tax years of 2013 – 2017. I hold the power of attorney for Mr.

Dixon so that I may communicate directly with the IRS regarding his returns.

5. In this role, I have reviewed each of the letters that have been sent to Mr. Dixon including: (1) Notice of Tax Due on Federal Tax Return, Notice of Deficiency, Notice of Examinations, Request to sign Form 872, Information Document Requests, Formal Document Request, and Proposed Income Tax Examination Changes.

6. In this role, I have also been the person to send formal responses to the IRS and IRS Agent Anton Pukhalenko and provide requested documentation.

7. On May 9, 2018, I participated in a phone call directly with the Mr. Pukhalenko, during which we discussed Mr. Pukhalenko looking into Dixon's 2013 amended return while completing his examination of Dixon's 2014 amended return.

8. On or about May 10, 2018, I sent Mr. Pukhlenko Dixon's 2013 amended return, a copy of the letter received from the "Director", and documentation to support the adjustments made on Dixon's 2013 amended return.

9. On or about July 13, 2019, I sent Mr. Pukhalenko additional information for tax year 2014 to comply with the Information Document Request that was sent on May 9, 2018, including: the original 2014 1040, 2014 1040X, Financial statements and reports, documentation on Australian Superannuation, Form SS-4, IRS Notice CP-575-D, information regarding entity classification regulations, and Dixon's Australian Income Tax Return filed with the Australian Tax Office.

10. On or about November 21, 2018, after not hearing from Mr. Pukhalenko for several months, I called Mr. Pukhalenko to inquire about Dixon's returns. I left a message and never heard back. I called Mr. Pukhalenko again on December 6, 2018, and did not receive a response.

11. On or about February 19, 2019, we filed suit against the United States for the recovery of Dixon's 2013 and 2014 claims for refund.

12. On February 22, 2019, I received a letter from the IRS with form 872 requesting an extension on the time for the IRS to assess tax and examine Dixon's 2015 1040. I also received a Notice of Examination letter from Mr. Pukhalenko for 2015 on that same day.

13. On February 26, 2019, Mr. Pukhalenko faxed correspondence to me requesting confirmation that Dixon was not going to agree to the extension requested previously.

14. On March 20, 2019, Mr. Pukhalenko sent another fax to me asking for confirmation on Form 872 extension.

15. On March 25, 2019, I received a Formal Document Request ("FDR") from Mr. Pukhalenko for Dixon. The FDR stated that an Information Document Request ("IDR") had previously been sent to me on March 12, 2019. I never received this IDR, nor did Dixon. The FDR requested that Dixon submit the documents requested on the IDR and then attached a completely redacted version of the IDR except for a small portion requesting an explanation of Foreign Tax Credit that was taken on the return.

16. On March 29, 2019, I received a Proposed Income Tax Examination Changes for 2015 assessing an additional $72,740.00 in taxes.

17. On April 1, 2019, I received an additional Proposed Income Tax Examination Changes for 2015 with a conflicting assessment amount from the examination changes received two days prior, assessing an additional $1,490,948.00 in taxes.

18. On April 30. 2019, I received a Notice of Deficiency form the IRS for Dixon's 2015 return.

19. On May 30, 2019, I responded to Mr. Pukhalenko's FDR providing the following: (1) the letter from February 22, 2019 referencing that Mr. Pukhalenko was supposed to have a telephone conversation to discuss additional documents requested, (2) Australian Income Tax Return for Dixon Advisory Group, (3) 2015 Australian Income Correction Summary, (4) Approved Form SS-4 Recognizing Dixon Advisory Group as a disregarded entity, and (5) supplied explanations and numbers regarding the Foreign Tax Credit that was taken.

20. After my phone call with Mr. Pukhalenko on May 9, 2018 regarding Dixon's 2013 and 2014 taxes, I have not had any further direct communications with Mr. Pukhalenko regarding any missing documentation or additional documentation that may be needed. In late 2018, I tried to contact Mr. Pukhalenko by phone and has no success. Mr. Pukhalenko has not scheduled a telephone conversation with me regarding Dixon's 2015 taxes to go over the items he would examine, documents he would like us to provide, or the timing of requested data.

21. Dixon has attempted to comply with and assist the IRS in its information gathering efforts, and, to this end, has provided the IRS with all documentation that Dixon is aware of being needed in order to complete the examination and support Dixon's returns. I have always responded to Mr. Pukhalenko with any information that he may need to examine Dixon's returns and have tried to conduct phone calls with him.

22. To date, we are unaware of any additional documentation that Mr. Pukhalenko may need because he has not followed the administrative procedures in

conducting his examination. Further, we did not ever receive the IDR referenced in his FDR. Moreover, the IDR that was attached to the FDR does not allow us to see what additional documentation Mr. Pukhalenko may need. However, we responded anyway with documentation we think he may be requesting.

23. Due to the lack following administrative procedures, our readiness and history to comply with the IRS requests, and harassing nature of Mr. Pukhalenko's behavior on Dixon's 2013 – 2015 examinations, Dixon has prepared his petition to quash the third party summons.

24. I further declare that each exhibit referenced in Dixon's Petition to Quash is a true and correct copy of the returns I submitted for Dixon, letters I received from the IRS, and responses I sent to the IRS on Dixon's behalf.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 18, 2019        _____
                                            John Anthony Castro